Clark Jeffery JENKINS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1084S400.

Supreme Court of Indiana.

May 13, 1986.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was found guilty by a jury of Robbery, a Class B felony. The court imposed a twenty (20) year sentence.

The facts are: During the early morning hours of September 30, 1981, appellant entered the home of Bernice Noeth in South Bend, Indiana. Noeth testified she was in bed reading when she heard the sound of glass breaking. Appellant appeared in the bedroom doorway, brandished a knife and announced "this is a robbery." He bound Noeth and proceeded to search the premises for items to steal. He then threatened Noeth and made a sexual advance which precipitated Noeth's suffering of an angina attack.

Appellant remained in the house for two hours before leaving with cash, jewelry, a television set, cameras and Noeth's car. The car was recovered by police several days later. Inside were several of the pieces of stolen jewelry. On December 4, 1981, Noeth identified appellant in a police lineup. She also made an unequivocal in-court identification of appellant.

Appellant, who represented himself at trial, contends the trial court failed to provide him with access to legal materials in order to prepare his defense. Additionally, he argues the court failed to advise him that his waiver of the right to counsel included the denial of such access.

Prior to a hearing held on July 29, 1983, at which he appeared without counsel, appellant had been represented by three different attorneys. At that time appellant was advised again of the right to representation by counsel and also advised of the privilege of representing himself. He was further advised that his lack of knowledge of procedural requirements could work to his detriment and that the court could give him no more assistance than it could give to the prosecution. The court stated these were the factors of which appellant must be aware upon entering into a *pro se* defense.

On August 17, 1983, appellant filed a "Motion for Appointment of Attorney." The court appointed Joseph F. Rubin, who withdrew several months later pursuant to appellant's request. Rubin was subsequently appointed to act as appellant's legal advisor. Upon the commencement of trial on April 26, 1984, appellant informed the court he had been unable to utilize a law library. He referred to a letter, which is not part of the record, in which he purportedly requested direct access to legal materials. The court responded that its appointment of a legal advisor fulfilled any obligation it had in that regard.

■ A defendant who chooses to proceed *pro se* must accept the burdens and hazards incidental to his position. *Yager v. State* (1982), Ind., 437 N.E.2d 454. In *Engle v. State* (1984), Ind., 467 N.E.2d 712, the defendant argued the trial court erred in denying his request for direct access to a law library. We found that his right of access to the court had not been undermined because he had access to legal materials and legal assistance through his standby counsel. *Id.* at 715. Here, appellant similarly had court-appointed standby counsel who was available to provide him access to legal materials.

Appellant's reliance on *McKaskle v. Wiggins* (1984), 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122, is misplaced. In that case the United States Supreme Court, in addressing the issue of unsolicited participation by standby counsel at trial, stated "the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury." *Id.* at 178, 104 S.Ct. at 951, 79 L.Ed.2d at 133. There is no indication, nor has he so alleged, that appellant was not ultimately in control of the presentation of his defense. *See Engle, supra.*

■ Appellant was advised of the consequences of electing to proceed *pro se*. He was further advised that standby counsel would be available to assist him. Thus his corollary contention that he should have been specifically advised that his waiver of counsel meant he would be denied access to legal materials is unavailing.

Appellant argues the trial court abused its discretion in imposing the maximum sentence and ordering that it be served consecutively to the forty-year sentence previously imposed on an unrelated conviction. He contends the court failed to consider any mitigating circumstances and failed to accept the sentencing recommendation in the presentence report.

■ Upon consideration of relevant facts and information, a sentencing court may within its discretion increase the basic penalty, impose consecutive sentences or both. *Humes v. State* (1981), Ind., 426 N.E.2d 379. At the sentencing hearing the court made the following statement:

"The reason for the imposition of the additional sentence is that the Court feels that there are many aggravating circumstances present in this case and no mitigating circumstances. First, the defendant has a history of criminal activity; the imposition of a reduced sentence would depreciate the seriousness of the crime; the victim of the crime was physically inf[i]rm, but the thing which seems most serious of all to the Court is the defendant utterly and totally destroyed the victim's security; that far more important and far greater detriment to the victim than the stealing of property is to destroy her home of 36 years and making it impossible for her to live there any further because of her fear that this type of thing might recur. The property is

something that can be replaced. Nothing can replace the importance of that home of 36 years standing to this woman. That to me is the most aggravating circumstance of all. You terrorized this helpless crippled woman and threatened to kill her if she even so much as called the police...."

■ While the first two aggravating circumstances are essentially a tracking of the language in the sentencing statute, Ind. Code § 35–38–1–7(b), what follows is a specific statement addressing the physical infirmity of the victim and the consequences to her of the crime committed. That statement is sufficient to support the enhancement. Contrary to appellant's contention, the court had no absolute duty to negative potentially mitigating circumstances, *Stark v. State* (1986), Ind., 489 N.E.2d 43, and was under no obligation to follow the recommendation set out in the presentence report. We find no abuse of discretion by the trial court in the imposition of the sentence.

■ Also in regard to his sentencing, appellant asserts he should have received credit time for the period he was incarcerated prior to trial. The trial court properly declined to do so because the credit time had been attributed to the sentence imposed following appellant's conviction for rape and robbery. *See Simms v. State* (1981), Ind.App., 421 N.E.2d 698. Subsequently, however, that conviction was reversed by this Court in *Jenkins v. State* (1985), Ind., 474 N.E.2d 84. Appellant correctly asserts the credit time should now be attributed to the sentence in the instant case. We further find *sua sponte* that because there is no longer a sentence to which it can be consecutively served, the instant sentence should commence from the date appellant would have been initially incarcerated for this conviction.

Appellant contends the trial court erred in denying his motion for a mistrial. The motion was based on his allegation that during a recess members of the jury viewed him handcuffed to a police officer in the hallway.

■ A ruling on a motion for a mistrial is made within the trial court's discretion. *Johnson v. State* (1977), 267 Ind. 256, 369 N.E.2d 623, *cert. denied* (1978), 436 U.S. 948, 98 S.Ct. 2855, 56 L.Ed.2d 791. The fact that a defendant has been seen by jurors while being transported in handcuffs is not a basis for a reversal, absent a showing of actual harm. *Hartlerod v. State* (1984), Ind., 470 N.E.2d 716; *Johnson, supra.* We can discern no harm to appellant, as reasonable jurors could expect him to be in police custody while in the hallway of the courthouse. *See Johnson, supra; Jessup v. State* (1971), 256 Ind. 409, 269 N.E.2d 374. The trial court did not abuse its discretion in denying the motion for a mistrial.

Appellant argues he was subjected to double jeopardy because there was no manifest necessity compelling the aborting of his first trial. This issue was not raised by appellant prior to his second trial or in his motion to correct error; however, he now contends that it constitutes fundamental error.

Appellant's first trial commenced on December 14, 1983, before the Honorable William A. Hosinski. The prosecution first presented the testimony of the victim, Bernice Noeth. Following her completed testimony, Judge Hosinski disclosed that he had represented Noeth approximately eleven years earlier and stated that pursuant to Canon 3 of the Code of Judicial Conduct he should not continue in the case. Appellant was given until the following day to decide whether to request his disqualification.

The next day appellant did indicate to Judge Hosinski that he did not wish for him to continue. The judge named a panel for striking, and the record reveals the following:

"The defendant is remanded to the custody of the Sheriff. Now the jury is returned to the courtroom and placed into the jury box. Now the Court advises the jury that due to the change of Judge, they will no longer need to serve in this

cause and are excused. Court is adjourned." ·

A *nunc pro tunc* entry dated June 24, 1985, indicates the declaration of a mistrial.

Appellant's argument is twofold. He first contends the mistrial was declared *sua sponte* without a specific request by him and that he was not advised that in order for another judge to preside a mistrial would necessarily be declared. Secondly, he argues he was denied the opportunity to object to the declaration of a mistrial because he was not present when the jury was discharged. We cannot agree and find no error under the circumstances of this case.

The disqualification of the judge based on his prior relationship with the victim clearly necessitated the declaration of a mistrial. This is not a case, as appellant argues, where there was an alternative, such as a continuance, to the aborting of the trial. *See, e.g., United States v. Jorn* (1971), 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543; *Dunkerley v. Hogan* (2d Cir. 1978), 579 F.2d 141. Appellant's alleged lack of knowledge that his request for the disqualification of the judge would result in a mistrial is of no moment, as he had been fully advised of the consequences of proceeding *pro se*. *Yager, supra*.

It is true that a defendant must be present when the jury is discharged. *Brown v. State* (1983), Ind., 445 N.E.2d 82; *State v. Wilson* (1875), 50 Ind. 487. Although the parties have conflicting views as to whether the record shows that appellant was not present at that stage of the proceeding, the trial had in effect been concluded when Judge Hosinski disqualified himself. His act of discharging the jury was therefore merely ministerial. Appellant was in no way prejudiced even if he was in fact absent from the courtroom when the jury was discharged.

Appellant asserts he was denied the right to representation by counsel at his sentencing hearing because the trial court failed to inquire whether he wished to continue to proceed *pro se* or to have the court appoint counsel to represent him at the hearing.

Appellant has cited no authority, nor are we aware of any, which stands for the proposition that he was entitled to a renewed determination of his waiver of the right to counsel prior to the sentencing hearing. It was incumbent upon appellant to interpose a request to have counsel appointed. In any event, he was assisted at the hearing by his legal advisor, who informed the court he had met with appellant the previous afternoon to discuss the sentencing procedure. There is no merit to this allegation of error.

Appellant's final contention is that the trial court erred by denying him the right to a speedy trial.

The cause was originally set for trial on May 26, 1982. On May 6 appellant requested a continuance and explicitly waived his Ind.R.Cr.P. 4 rights. Trial was set for July 6. The cause was then reset several times due to withdrawals by various court-appointed counsel and to court congestion. ·

On May 10, 1983, appellant informed the court he wished to proceed *pro se* and requested that the withdrawal of counsel not interfere with the scheduled trial date. On July 25, appellant orally raised the question of a "possible" Ind.R.Cr.P. 4 motion, but there is no indication that such a motion was filed. On September 9 trial was set for December 14 with no objection by appellant. Appellant then filed a motion to dismiss on October 12 premised on the alleged failure of the State to bring him to trial. Following a hearing that motion was denied.

Appellant argues his oral inquiry was the equivalent of a motion for an early trial under Ind.R.Cr.P. 4(B)(1) and that his motion to dismiss was the equivalent of a motion for discharge under the same rule. He concedes he did not comply with the requirements of the rule, but contends an exception should be made in this case because he represented himself and was not advised by the court regarding the preservation of his speedy trial rights.

■ That argument is unavailing. Appellant was clearly advised of the hazards of proceeding *pro se*. *Yager, supra*. Even if he had complied with the procedural requirements, his motion for discharge would have been denied on any of several possible grounds. At the May 6, 1982, hearing appellant explicitly waived his Ind. R.Cr.P. 4 rights. He was subsequently responsible for several delays. *See Smith v. State* (1985), Ind., 477 N.E.2d 857. Finally, he acquiesced in the December 14, 1983, trial setting by not objecting at the earliest possible opportunity. *Sumner v. State* (1983), Ind., 453 N.E.2d 203.

The cause is remanded for resentencing not inconsistent with this opinion. The trial court is in all other things affirmed.

All Justices concur.