**Howard WILSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 49S00–8604–CR–401.**

Supreme Court of Indiana.

Oct. 8, 1987.

Belle T. Choate, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Howard Wilson was found guilty by a jury of robbery while armed with a deadly weapon and determined to be a habitual offender. The following issues are raised in his direct appeal:

1. sufficiency of evidence that he was armed,
2. refusal of tendered instruction on lesser included offense,
3. admissibility of documentary evidence in habitual offender phase, and
4. habitual offender sentencing.

*Issue 1—Sufficiency of Evidence*

Defendant contends that the evidence was insufficient to establish beyond a reasonable doubt that he used a handgun and placed persons in fear, as charged in the information.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could find each element of the charged crime proven beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

 Defendant concedes these considerations and this standard of review but argues that the testimony is contradictory as to whether the defendant ever had possession of the gun used in the robbery. We disagree. Defendant's accomplice testified that after pushing one of the victims against a garage, he gave the defendant the gun and told him to shoot the victim if he moves. The victim testified that his wallet and coin change were removed from his pockets while the defendant pointed the gun at him after stating "don't move or I'm going to shoot."

 We further note that in the event there had been a complete absence of evidence that defendant was personally armed, he would nevertheless remain criminally liable because of the use of the weapon

by his accomplice. Ind.Code § 35–41–2–4; *Johnson v. State* (1985), Ind., 475 N.E.2d 309.

We disagree with defendant's contention that the evidence was insufficient to convict him of robbery while armed with a deadly weapon. There is no error on this issue.

*Issue 2—Lesser Included Offense*

 The trial court refused to give defendant's tendered jury instruction regarding robbery, a class C felony, as a lesser included offense of robbery, the charged offense of robbery, a class B felony. Because the difference between the two crimes is the element of being armed with a deadly weapon, he contends that it is impossible to commit robbery as a class B felony without necessarily committing robbery as a class C felony, and further argues that there was a significant evidentiary dispute as to whether or not defendant was armed during the commission of the robbery, thereby complying with the two-step analysis prescribed in *Lawrence v. State* (1978), 268 Ind. 330, 375 N.E.2d 208, as implemented in the methodology outlined in *Roddy v. State* (1979), 182 Ind.App. 156, 394 N.E.2d 1098.

While emphasizing the evidence dispute regarding the element, armed with a deadly weapon, which distinguishes the greater and the lesser offense, defendant's argument fails to consider that the defendant's liability for the greater offense results regardless whether he or his accomplice was armed with the weapon.

There is no dispute regarding whether a deadly weapon was used during the robbery. Therefore, it would not have been proper to submit a lesser-included offense instruction permitting the jury to find defendant guilty of robbery, a class C felony, as if the robbery had been committed without the use of a deadly weapon.

We also note that the tendered instruction was otherwise insufficient, incomplete, and potentially confusing because of its failure to explain the role of a lesser-included offense in its proper context in the case. *Riley v. State* (1987), Ind., 506 N.E.2d 476;

*Simpson v. State* (1987), Ind., 506 N.E.2d 473; *Smith v. State* (1981), Ind., 422 N.E. 2d 1179; *McNary v. State* (1981), Ind., 428 N.E.2d 1248.

We find no error on this issue.

### Issue 3—Habitual Offender Proof

Defendant next contends that certain documents were improperly admitted under T.R. 44 and Ind.Code § 34-1-17-7 to establish his habitual offender status. Ind.Code § 34-1-17-7 provides for admission of copies of public records when they are attested as true and complete by the keeper of the records under the seal of his office, or if the officer has no seal, his attestation must be accompanied by a certificate that such attestation is made by the proper officer from the clerk under the seal of the circuit of superior court. Trial Rule 44(A)(1) provides that proof of an official record may be evidenced by an official publication or a copy attested by the officer having legal custody of the record or his deputy. No proof that the officer has custody of the record is necessary, although it is permitted. *Eldridge v. State* (1977), 266 Ind. 134, 361 N.E.2d 155.

Exhibit 15 is a certified copy of the charging information in CR71-0044 dated February 8, 1971, charging Howard Lee Wilson with robbery on January 12, 1971. Exhibit 16 is a certified copy of the court minutes showing an information filed on February 8, 1971, and an entry of a plea of guilty to theft on March 26, 1971, but does not reflect a cause number or defendant's name. Exhibit 17 is a certified copy of an arrest slip from the Indianapolis Police Department for Howard Lee Wilson for armed robbery dated March 10, 1971, and it reflects cause number CR71-0044. Exhibit 18 is a certified copy of a charging information in CR72-173B charging Howard Wilson with armed robbery on August 5, 1972. Exhibit 19 is a certified copy of the court commitment order in CR72-173B, a conviction for armed robbery for a determinate sentence of 10 years. Exhibit 20 is a certified copy of an Indianapolis Police Department arrest slip for Howard Lee Wilson dated August 5, 1972, for armed robbery. Exhibit 21 is a certified copy of a charging

information in CR77-46D charging Howard Wilson with robbery on November 15, 1976. Exhibit 22 is a certified copy of a commitment order of the court for March 23, 1973, for Howard L. Wilson in CR77-46D for robbery reflecting an indeterminate sentence of not less than 10 years and not more than 17 years. Exhibit 23 is a certified copy of the court minutes in three pages for CR77-46D showing a plea of guilty to robbery by Howard Lee Wilson. Exhibit 24 is a certified copy of the records of the Department of Corrections for inmate Howard Lee Wilson containing in nine parts, picture, prints, picture and physical data, information sheet, commitment in CR77-46D, and, picture and physical data, prints and commitment in CR72-173B.

█ Defendant asserts that his right to confront his accusers guaranteed in the Sixth Amendment to the Constitution of the United States and the Indiana Constitution, Article I, Section 13, was violated because he was denied the right to cross-examine the clerk. Exhibits 15, 16, 18, 19, 21, 22, and 23, are self-authenticating documents and properly admitted as official records under Ind.R.Tr.P. 44(A)(1). The copies were properly certified by the clerk, and they were not inadmissible hearsay.

█ Exhibit 24 was certified copies of the prison records containing copies of photographs, fingerprints, description of Howard Lee Wilson and other records on file from the Indiana Department of Corrections. The copies were certified by Robert E. Hardin, Assistant Director, designated as keeper of the Records for the Reception-Diagnostic Center and were properly notarized. Certified copies of prison records are properly admissible as public records and may be used to establish the fact of defendant's prior felony convictions. *Smith v. State* (1985), Ind., 477 N.E.2d 857; *Harmer v. State* (1983), Ind., 455 N.E.2d 1139. It was not necessary that the prison officials themselves had to testify to establish the authenticity of the documents. *Graham v. State* (1982), Ind., 441 N.E.2d 1348; *Barnett v. State* (1981), Ind., 429 N.E.2d 625. All the documents, with the

exception of Exhibit 16, were sufficiently connected to defendant to establish relevancy, and the proper certification provided the necessary foundation for their admission. *Graham, supra.*

Defendant asserts that Exhibits 17 and 20, as well as 16, were improperly admitted for lack of proper foundation. Assuming, *arguendo,* that the police record of the arrests in 17 and 20, as well as 16, were improperly admitted, and 16 improperly admitted for failure to connect it to defendant, defendant could not have been thereby harmed. The arrest records came into evidence after the certified copies of the court records showing defendant's conviction upon the charge evidenced by the record of arrest had been properly admitted. *Martin v. State* (1983), Ind., 453 N.E. 2d 1001. An incorrect ruling will not furnish a basis for reversal where there is no room for the inference that it was probably prejudicial. *Id.* We find no error in the admission of the documents requiring reversal.

*Issue 4—Habitual Offender Sentencing*

Defendant finally alleges error in the court's failure to reduce the thirty year enhancement for the habitual offender determination as provided in Ind.Code § 35–50–2–8(e). The original habitual offender charge was filed on March 13, 1985. The first trial on the robbery charge resulted in a mistrial on April 16, 1985. October 21, 1985, on retrial defendant was convicted and found to be an habitual offender. He was sentenced on November 14, 1985. Ind.Code § 35–50–2–8 was amended with an effective date of September 19, 1985. The amendment included subsection (e) which provides in pertinent part:

> The court shall sentence a person found to be an habitual criminal to an additional fixed term of thirty (30) years imprisonment to be added to the term of imprisonment imposed under section 3, 4, 5, 6, or 7 ... If at least one (1) of the offenses relied upon to establish that the person has accumulated two (2) prior unrelated felonies is a class D felony, then the court *may* subtract up to ten (10)

years from the additional fixed term of thirty (30) years.... [emphasis added]

Defendant contends he should be subject to the provisions under amended Ind.Code § 35–50–2–8 since his sentencing occurred after the effective date for the statute and since one of the prior felony convictions relied upon appears to fit within the legislative intent concerning moderation of the penalty of a lesser offense. He claims that the theft conviction would arguably be considered a class D felony warranting a reduction in the thirty year enhancement.

We disagree. The statutory language is clearly permissive. Reduction in sentence is left to the discretion of the trial court. Moreover, we note that Ind.Code § 35–50–2–8, as sought to be applied by the defendant, was expressly limited by the following provision of Pub.Law 328–1985, Section 3:

> (a) The addition of IC 35–50–2–7.1 and the amendment of IC 35–50–2–8 by this act do not affect any:
>
> > (1) rights or liabilities accrued;
> >
> > (2) penalties incurred;  or
> >
> > (3) proceedings begun;
>
> before September 1, 1985. The rights, liabilities, and proceedings are continued and punishments, penalties, or forfeitures shall be imposed and enforced under IC 35–50–2–8 as if this act had not been enacted.
>
> (b) If all of the felonies that are relied upon for sentencing a person as an habitual offender under IC 35–50–2–8 are felonies that were committed before September 1, 1985, the felonies shall be prosecuted and remain punishable under IC 35–50–2–8 as if this act had not been enacted.

We find no error in the sentencing.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.