Alvin BEST, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 55S00–8808–CR–775.

Supreme Court of Indiana.

Feb. 15, 1991.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

## PER CURIAM.

Alvin Best was tried to a jury and found guilty of operating a motor vehicle while driving privileges are forfeited for life, a class C felony, Ind.Code § 9-12-3-2 (West Supp.1990), and operating a vehicle while intoxicated, a class D felony, Ind.Code § 9-11-2-3 (West Supp.1990). The trial court sentenced Best to five years and two years respectively for these crimes. The court also enhanced the operating while intoxicated sentence by twenty years in light of the jury's determination that Best was an habitual offender. Ind.Code § 35-50-2-8 (West 1986). The court ordered the sentences to be served consecutively for a total of twenty-seven years imprisonment.

Best appeals eight issues to this Court:

I.   Whether the habitual offender determination was contrary to law;

II.   Whether Best was improperly sentenced as an habitual offender under Ind. Code § 35-50-2-8;

III.   Whether the evidence was sufficient to support Best's convictions;

IV.   Whether the trial court erred by denying Best's motion for mistrial;

V.   Whether the trial court erred when it admitted into evidence certified documents about one of Best's 1976 convictions;

VI.   Whether the trial court erred when it refused Best access to law books;

VII.   Whether Best received effective assistance of counsel; and,

VIII.   Whether Best's sentence is manifestly unreasonable and disproportionate to the nature of the offense.

The evidence presented at trial showed that on July 6, 1987, Kim Morris was driving west on Hadley Road in Morgan County when he saw a smoking motorcycle sitting twelve to fifteen feet off the road. On the other side of the road, Morris saw Best sitting at the edge of the grass trying to fight off a swarm of bees. Morris saw no one else in the vicinity.

Morris stopped to help, and Best told him he had missed the curve and run his motorcycle off the road and up on the bank. Best could not retrieve his motorcycle because bees were swarming around it, so Morris offered to drive him home. On the way home Morris smelled alcohol on Best's breath.

Shortly after Morris and Best arrived at Best's home, State Trooper Canal arrived seeking information about a reported burglary. As he drove up, Trooper Canal saw Best and Best's father getting into a truck. Best was unsteady and had difficulty maintaining his balance. Best told Canal he had wrecked his motorcycle while driving on Hadley Road. About fifteen minutes later, Trooper Collingsworth arrived at the Best residence, and Best told him the same story. Collingsworth believed that Best was intoxicated.

A check by the troopers disclosed that Best's driver's license had been suspended for life for repeated offenses of driving while intoxicated. They confronted Best with that information, and he immediately told them that they had misunderstood him. He changed his story and claimed that his brother Rick was the driver of the motorcycle and that he was only a passenger. When the officers asked about Rick, however, Best's mother said that Rick was near Eminence visiting his girlfriend. The officers arrested Best, took him to the hospital for treatment of bee stings, and delivered him to the Morgan County jail.

### I. The Habitual Offender Determination: Charging Additional Priors

Best claims that the finding that he is an habitual offender is contrary to law because the State alleged and proved ineligible prior convictions.

■ To sustain a sentence under the habitual offender statute, the State must show that the defendant has been twice convicted and twice sentenced for felonies. The commission of the second offense must have been subsequent to the sentencing on the first offense, and the commission of the principal offense on which the enhanced punishment is being sought must be subsequent to the sentencing on the second conviction. *Zavesky v. State* (1987), Ind., 515 N.E.2d 530.

The jury in this case made specific findings that Best was convicted on each of four prior offenses: theft (1976), burglary (1976), theft (1985), and driving after being found an habitual traffic offender (1985).

The evidence shows that the theft for which Best was sentenced on June 24, 1976, was committed on November 30, 1975. Consequently, Best argues that neither that theft nor the second-degree burglary for which he was sentenced on October 8, 1976, can be counted in an habitual offender determination because they overlap. He makes the same claim of overlap for the other two crimes.

■ It is apparent, of course, that the State could have charged just one of Best's 1976 convictions and one of his 1986 convictions. Charging all four was surplusage and not grounds for reversal, particularly in light of the jury's finding that Best had been convicted of all four.

### II. Can Best Be Sentenced Under Ind. Code § 35–50–2–8?

Best contends that the trial court improperly sentenced him as an habitual offender under Ind.Code § 35–50–2–8 because all of his prior felonies were class D felonies or the equivalent of class D felonies.

Ind.Code § 35–50–2–8(h) states: "A person may not be sentenced as an habitual offender under this section if all of the felonies relied upon for sentencing the person as an habitual offender are Class D felonies."

This section does not apply to Best because one of the prior crimes relied upon for sentencing was a 1976 second degree burglary, the equivalent of a class C felony. *Clark v. State* (1990), Ind., 561 N.E.2d 759, 764. The trial court acted correctly in sentencing Best as an habitual offender under Ind.Code § 35–50–2–8.

### III. Sufficiency of the Evidence

Best claims his convictions for operating a motor vehicle while intoxicated and operating a motor vehicle after forfeiture of driving privileges for life are not supported by the evidence. When reviewing the sufficiency of the evidence, this Court does not reweigh the evidence nor judge the credibility of witnesses. We look to the evidence which supports the verdict and reasonable inferences therefrom. The conviction will be affirmed if there is substantial evidence of probative value from which a reasonable trier of fact could infer guilt beyond a reasonable doubt. *Stwalley v. State* (1989), Ind., 534 N.E.2d 229.

■ Best argues that the evidence is insufficient to show that he was intoxicated while he was on the motorcycle. It is true that Kim Morris, the first person to arrive at the scene of the accident, testified that Best's breath smelled of alcohol but not

that Best was intoxicated. However, Morris's testimony is not the only evidence of intoxication. Two state troopers confronted Best at his home very shortly after Morris dropped him off. Both officers testified that Best appeared to be intoxicated. The testimony of the witnesses is evidence of probative value from which the jury could have logically concluded that Best was intoxicated while he was operating the motorcycle.

Best also argues that there is no direct evidence that he was the operator of the motorcycle. However, he told both investigating troopers that he was driving the motorcycle. It was only later that he changed his story to say that his brother Rick was the driver. It was the jury's prerogative to weigh this evidence and determine fact. *See Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

■ Finally, Best argues that the troopers were permitted to testify about his intoxication before the State established the *corpus delicti* of driving under the influence. This Court has held many times that it is not necessary to prove the *corpus delicti* prior to the admission of a defendant's statement. The *corpus delicti* may be established during the course of the State's case. *Moore v. State* (1986), Ind., 498 N.E.2d 1.

The evidence is sufficient to support the jury's verdict.

### IV. Denial of Motion for Mistrial

■ Best claims that the trial court erred in denying his motion for a mistrial. He alleges that during the course of the trial one of the jurors, a Mr. Brummett, observed him seated in a Sheriff's car while handcuffed. He contends that the observation improperly tainted the jury and that he should have been afforded a new trial.

The granting of a mistrial lies within the sound discretion of the trial court and this Court will not overturn that decision unless it is clearly shown to be an abuse of discretion. *Ramos v. State* (1982), Ind., 433 N.E.2d 757. It is not an abuse of discretion for a trial court to deny a motion for mistrial because a juror has seen a defendant in handcuffs, unless the defendant demonstrates actual harm. *Jenkins v. State* (1986), Ind., 492 N.E.2d 666.

Best has not demonstrated actual harm. When the incident in question was called to the attention of the trial judge, he questioned Brummett about what he saw. Brummett said he saw Best seated in the Sheriff's car, but he did not know that Best was handcuffed at the time. He also said that the fact he had seen Best in the Sheriff's car would in no way affect his decision in the case.

The trial court properly denied the motion for mistrial.

### V. Admission of Exhibit Twelve

■ Best contends the trial court erred in admitting State's exhibit twelve into evidence. Exhibit twelve was identified as certified copies of an information, judgment and order of conviction, date October 8, 1976, from the Marion County Criminal Court in Cause No. 76–51B, *State v. Alvin M. Best*. Best made two objections to this evidence at trial. He argued first that the State had not tied the the exhibit to him. Second, he argued that pages three and four of the document which purported to be a plea agreement were completely blank except for the parts concerning punishment and recommendation by the State.

In response to the objections, the trial court ordered pages three and four removed from the document. It admitted the remaining documents, noting that fingerprint cards had been introduced to tie the exhibit to Best. The court's ruling was correct. *See Wilson v. State* (1987), Ind., 513 N.E.2d 653.

### VI. Access to Law Books

■ Best claims that the trial court abused its discretion by refusing his motion for access to law books. A pro se defendant's right of access to court is not undermined when he is denied direct access to a law library if he has access to legal materials and legal assistance through his standby counsel. *Jenkins v. State* (1986), Ind., 492 N.E.2d 666.

In this case, Best was better off than a defendant acting pro se; he was represented by competent counsel at all times. There is nothing in the record which suggests that Best was harmed by the trial court's refusal to furnish law books. The court did not abuse its discretion by denying Best's motion.

## VII. Effective Assistance of Counsel

Best contends that he was denied the effective assistance of counsel. Judicial scrutiny of an attorney's performance is highly deferential. The standard for counsel's performance is that of reasonably effective assistance. To prevail on his claim, Best must show that his attorney's performance fell below an objective standard of reasonableness under prevailing norms. He also must prove that his attorney's failure to function was so prejudicial as to deprive him of a fair trial. A fair trial is denied when the conviction or sentence results from a breakdown of the adversarial process that renders the result unreliable. *Siglar v. State* (1989), Ind., 541 N.E.2d 944.

Best argues first that counsel was ineffective because he failed to investigate properly whether juror Dorothy Spencer was related to the county prosecutor, Jane Spencer Craney. Best has not proved that these two women are related in any degree, and thus his claim is based on speculation. Best also argues that counsel did not fully and fairly inform him as to the terms and consequences of a plea agreement the prosecutor offered, thereby denying him right to make a knowing and intelligent decision to reject that plea offer. There is no evidence that any offer was actually made. Not having proven the factual predicate of this claim, Best is not entitled to relief. Best was not deprived of the effective assistance of counsel.

## VIII. Proportional Punishment

Best argues that his twenty-seven year sentence is manifestly unreasonable and disproportionate to the nature of his offenses. He maintains that the sentence violates the eighth amendment to the United States Constitution and Article I, section 16 of the Indiana Constitution. He concedes that the U.S. Constitution does not require an extensive proportionality review unless the sentence is life without parole. *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). He asks this Court to review the proportionality of his penalty under the Indiana Constitution.

The Indiana Constitution requires that "all penalties shall be proportional to the nature of the offense." Article I, § 16. This Court applies a two-pronged test to determine whether an habitual offender's penalty is proportional. First, we judge the "nature" and gravity of the present felony. Second, we consider the "nature" of the prior offenses. *Taylor v. State* (1987), Ind., 511 N.E.2d 1036, 1039; *Mills v. State* (1987), Ind., 512 N.E.2d 846, 849.

We turn first to the gravity of the primary offense. Best was sentenced to two years for the offense of operating a vehicle while intoxicated. That crime is ordinarily a class A misdemeanor and is punishable by imprisonment of not more than one year and/or a fine not to exceed five thousand dollars. Ind.Code § 9–11–2–2 (West Supp. 1990); Ind.Code § 35–50–3–2 (West 1986). In Best's case, however, the crime was enhanced to a class D felony because he had another conviction for operating while intoxicated during the five years preceding this conviction. Ind.Code § 9–11–2–3 (West Supp.1990). At the time of Best's arrest, a class D felony carried a presumptive sentence of two years with possible enhancement of up to two years for aggravating circumstances and possible reduction of up to one year for mitigating circumstances. One who commits a class D felony may also be fined up to ten thousand dollars. Ind.Code § 35–50–2–7(a) (1986).

The trial court gave Best the presumptive two-year sentence for operating while intoxicated. However, it enhanced the sentence by twenty years under the habitual offender statute, Ind.Code § 35–50–2–8. The trial court followed subsection (e) of

that statute[1] and reduced the 30–year habitual offender enhancement by ten years because one of the Best's prior offenses was a class D felony. The court chose not to take subsection (e)'s option to subtract another ten years even though Best's primary offense was also a class D felony.

Best argues that operating a vehicle while intoxicated does not merit a sentence of twenty-two years because it is not as serious a crime as burglary, rape, robbery, and other class B felonies. Our statutes, however, categorize felonies so as to provide a higher presumptive term for violent crimes; consequently, a higher total penalty results when the standard thirty years is added to the sentence of an habitual offender who commits a violent crime. *Taylor*, 511 N.E.2d at 1039.

Still, Best's present offense is classed as a misdemeanor, raised to the lowest class of felony. The facts described above suggest that the "nature" of the present felony is not particularly aggravated. The incident caused little damage to property or person.

The second factor we must consider is the nature of the earlier crimes. Best has a long history of non-violent alcohol related offenses, thefts, and burglaries. The presentence report lists eighteen convictions, including the four proved for this habitual offender determination, for offenses including public intoxication, operating a motor vehicle while intoxicated, theft, conversion, burglary, driving while license is suspended, being a habitual traffic offender, driving after finding of habitual traffic offender, and malicious trespass.

It is these facts pertinent to the second prong of the *Taylor* test which distinguish Best's case from *Clark v. State*, Ind., 561 N.E.2d 759, in which we held that the entire 30–year habitual offender enhancement was disproportionate to the offense. Because of Best's lengthy record of offenses, application of some additional years under

the habitual offender statute is constitutional under Article I, section 16. Given the modest nature of the present offense, however, it was manifestly unreasonable to add twenty years.

We affirm Best's conviction and five-year sentence for driving after forfeiture of driving privileges for life, as well as his two year sentence for driving while intoxicated. However, we hold that an enhancement of ten years is all that is allowed by the Indiana Constitution. We remand to the trial court with directions to reduce Best's total sentence from twenty-seven years to seventeen years.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

GIVAN and KRAHULIK, JJ., dissent with separate opinions.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion and would refer the reader to my dissenting opinion in *Clark v. State* (1990), Ind., 561 N.E.2d 759.

I cannot agree with the majority's statement that "we hold that an enhancement of ten years is all that is allowed by the Indiana Constitution." The statement in our Constitution upon which the majority depends is, "All penalties shall be proportioned to the nature of the offense." As in the *Clark* case, the nature of this offense is operating a motor vehicle while intoxicated on the public highways of Indiana following several such arrests and convictions, one of which had led to appellant's suspension for life of his license to drive.

As I stated in my dissent in *Clark*, drunk drivers in Indiana cause more deaths annually than any other group of criminals. Here, as in *Clark*, we have a defendant who has shown a total lack of respect for the criminal justice system and who contin-

---

1. Ind.Code § 35–50–2–8(e) states in pertinent part:

    If at least one (1) of the offenses relied upon to establish that the person has accumulated two (2) prior unrelated felonies is a class D felony, then the court may subtract up to ten (10) from the additional fixed term of thirty (30) years. If the felony for which the person is being sentenced is a class D felony, then the court may subtract up to twenty (20) years from the additional fixed term of (30) years.

ued to drive upon the highways after his license had been suspended for life.

The majority observes that little harm came from his conduct. The fact that little harm came from appellant's conduct should not be accredited to him. It is only by sheer luck and the grace of God that he did not cause the death of some innocent citizen travelling on the highway. I believe Judge Harris' handling of this case was within the statutes and the Constitution of Indiana.

I would affirm appellant's conviction in its entirety.

KRAHULIK, J., concurs.

KRAHULIK, Justice, dissenting.

I respectfully join Justice Givan in dissenting from the majority opinion for the reasons specified in such dissent. Additionally, however, I must dissent because I cannot say, as a matter of law, that it was manifestly unreasonable for the trial court to add twenty (20) years to the defendant's sentence in view of the defendant's long history of criminal convictions. The trial court had before it, not only the pre-sentence report, but also its observations of the trial and of the defendant himself. The trial court, with the aid of these observations and information, chose to reduce the 30–year habitual offender enhancement by only ten years instead of by the twenty (20) years that the majority holds is required by the Indiana Constitution. I do not agree that Article I, Section 16, of the Indiana Constitution was violated by the trial court's considered utilization of the habitual offender statute.

For these reasons, I would affirm appellant's conviction in its entirety.

GIVAN, J., concurs.