Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**
Sep 24 2014, 10:12 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**SERVANES J. WILSON**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SERVANES J. WILSON, SR., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 77A05-1309-PL-476 |
| | ) | |
| WABASH VALLEY CORRECTIONAL | ) | |
| FACILITY and INDIANA DEPARTMENT | ) | |
| OF CORRECTION, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE SULLIVAN SUPERIOR COURT
The Honorable Robert E. Springer, Judge
Cause No. 77D01-1308-PL-457

**September 24, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

SerVanes Wilson ("Wilson"), an inmate at the Wabash Valley Correctional Facility, appeals the trial court's dismissal of his complaint against the Indiana Department of Correction and the Wabash Valley Correctional Facility. Finding no error, we affirm.

**Facts and Procedural History**

In October 2010, Wilson was convicted by a jury of Class A felony dealing in cocaine and Class A misdemeanor possession of marijuana. Wilson was ordered to serve concurrent sentences of twenty years for the dealing in cocaine conviction and thirty days for the possession of marijuana conviction. Wilson filed a direct appeal of his convictions, claiming that the trial court abused its discretion in admitting certain items into evidence and that the State failed to present sufficient evidence to support his convictions. This court issued an opinion affirming Wilson's convictions on July 1, 2011. See Wilson v. State, No. 49A02-1012-CR-1288, slip op. (Ind. Ct. App. July 1, 2011).

On July 17, 2012, Wilson filed a petition for post-conviction relief. Wilson's post-conviction counsel withdrew her appearance on November 20, 2012 and notified Wilson that his post-conviction hearing was set for March 15, 2013 and that he would need to proceed *pro se*.

Beginning on November 21, 2012, Wilson attempted to access legal materials on the Wabash Valley Correctional Facility's computer-based law library system to prepare a motion for summary disposition before its deadline of December 14, 2012. However, apparently because of a computer system malfunction, Wilson was unable to access any legal materials. Wilson contacted several Wabash Valley Correctional Facility staff

2

members, including correctional officers, a casework manager, a unit counselor, and the facility superintendent, requesting access to the legal materials. When his requests were denied or ignored, he contacted the American Civil Liberties Union of Indiana, which notified him that it would not be able to evaluate his claim for several weeks.

On February 4, 2013, Wilson filed a motion for continuance with the post-conviction court. The court granted his motion on February 12, 2013, rescheduling the deadline for the filing of Wilson's motion for summary disposition to May 14, 2013 and his post-conviction hearing from March 15, 2013 to August 16, 2013.

On March 4, 2013, Wilson filed a complaint in Sullivan Circuit Court against the Indiana Department of Correction and the Wabash Valley Correctional Facility, alleging the violation of his First Amendment right of access to the courts. Three days later, on March 7, 2013, Wilson's access to the prison law library was restored. About one month after Wilson filed his complaint, on April 5, 2013, the trial court issued an order dismissing Wilson's complaint without prejudice, finding that the complaint was "frivolous in that it does not have an arguable basis in the law and does not state a claim upon which relief may be granted" because (1) Wilson failed to comply with the Indiana Tort Claims Act; (2) Wilson failed to pay a filing fee; and (3) Wilson failed to prove that he exhausted his administrative remedies before filing his complaint. Appellant's App. p. 27.

On April 24, 2013, Wilson filed a tort claim with the Indiana Attorney General's office, the Indiana Department of Correction Tort Claims Administrator, and the Wabash

3

Valley Correctional Facility.[1]  Then, on August 22, 2013, Wilson filed a second complaint with the trial court, alleging the violation of his First Amendment right of access to the courts.  The following day, August 23, 2013, the trial court issued an order dismissing Wilson's complaint with prejudice.  In its order, the trial court found again that Wilson's claim was "frivolous in that it does not have an arguable basis in the law and may not state a claim upon which relief may be granted."  Appellant's App. p. 36.

Wilson now appeals.

**Discussion and Decision**

Wilson argues that the trial court erred in dismissing his complaint.  Our supreme court has held:

> A defendant who chooses to proceed *pro se* must accept the burdens and hazards incidental to his position.  In Engle v. State (1984), Ind., 467 N.E.2d 712, the defendant argued the trial court erred in denying his request for direct access to a law library.  We found that his right of access to the court had not been undermined because he had access to legal materials and legal assistance through his standby counsel.

Jenkins v. State, 492 N.E.2d 666, 668 (Ind. 1986) (internal citations omitted).

Here, during a temporary lack of access to the prison's computerized law library system, Wilson sought and received a continuance from the trial court.  His access to the law library was restored over a month before the deadline for the filing of his petition for summary disposition and over five months before his post-conviction evidentiary hearing, giving him ample opportunity to access the library to prepare his materials.  Like the defendant in Engle, Wilson's access to legal materials was not undermined in such a

---

[1] Although the record is unclear, it appears that Wilson's tort claim was deemed denied when it was not processed after ninety days.  See Ind. Code § 34-13-3-11.

4

way as to cause him prejudice.  See Higgason v. State, 789 N.E.2d 22 (Ind. Ct. App. 2003) (holding that the trial court properly grants a motion to dismiss for failure to state a claim if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances; appellate court sustains the trial court's ruling if it can affirm on any basis found in the record).

## Conclusion

Because Wilson's access to the prison law library was restored over a month before the deadline for his petition for summary disposition and over five months before his post-conviction hearing, he cannot claim that the trial court erred in dismissing his complaint against the Indiana Department of Correction and the Wabash Valley Correctional Facility.

Affirmed.

RILEY, J., and CRONE, J., concur.