## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 09 2016, 8:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Paula M. Sauer
Danville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marco Lator Smith,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 9, 2016

Court of Appeals Case No.
32A05-1512-CR-2287

Appeal from the
Hendricks Superior Court

The Honorable
Mark A. Smith, Judge

Trial Court Cause No.
32D04-1412-F6-363

**Kirsch, Judge.**

[1] Marco Lator Smith ("Smith") pleaded guilty to resisting law enforcement[1] as a Level 6 felony and to theft[2] as a Level 6 felony and to being a habitual offender.[3] The trial court sentenced him to eight years fully executed in the Department of Correction. Smith appeals, arguing that he was improperly sentenced, and raises the following restated issues for our review:

> I. Whether the trial court abused its discretion when it found no mitigating factors;
>
> II. Whether Smith's sentence is inappropriate in light of the nature of the offense and the character of the offender; and
>
> III. Whether Smith's sentence violated the proportionality clause of the Indiana Constitution.

[2] We affirm.

## Facts and Procedural History

[3] On December 9, 2014, detectives from Boone County, who were investigating Smith in connection with burglaries that occurred in Boone County, observed Smith and another man breaking into three vehicles in the parking lot of Metropolis Mall in Hendricks County. The detectives alerted Plainfield Police officers to the thefts, and K-9 Deputy Schaeffer ("Deputy Schaeffer") of the

---

[1] *See* Ind. Code § 35-44.1-3-1(a)(3), (b)(1)(A).

[2] *See* Ind. Code § 35-43-4-2(a)(1)(A).

[3] *See* Ind. Code § 35-50-2-8.

Hendricks County Sheriff's Department responded. Smith and the other man fled the parking lot in a white van, and Deputy Schaeffer followed the van and attempted to initiate a traffic stop. Smith accelerated and then pulled into the parking lot of a Best Buy, where he stopped the van, and both men tried to escape on foot. Deputy Schaeffer gave commands for the men to stop, and when they did not do so, the deputy deployed his K-9 partner, who was able to apprehend Smith. The other man was arrested inside a nearby store. A search of the van yielded three stolen laptops, a computer bag, Bose headphones, medications, a passport, and a backpack from The North Face. The stolen property was returned to the owners.

[4] The State originally charged Smith with resisting law enforcement as a Level 6 felony, driving while suspended as a Class A misdemeanor, criminal mischief as a Class B misdemeanor, theft as a Level 6 felony, unauthorized entry of a motor vehicle as a Class B misdemeanor, and a learner's permit violation, an infraction. The State later charged Smith with two additional counts of theft as Level 6 felonies and one count of theft as a Class A misdemeanor and alleged Smith to be a habitual offender. The State also later moved to dismiss several of the counts, consolidated two counts, and renumbered the remaining five counts.

[5] On October 26, 2015, on the morning of the scheduled jury trial, Smith agreed to plead guilty. Smith then pleaded guilty to one count of Level 6 felony resisting law enforcement and one count of Level 6 felony theft and to being a habitual offender in exchange for the dismissal of the remaining counts and a

sentencing cap of eight-and-a-half years. At the sentencing hearing, the trial court found Smith's extensive criminal history and the fact that he was on parole at the time of the present offenses as aggravating factors and found no mitigating factors. The trial court then sentenced Smith to two-and-a-half years for the resisting law enforcement conviction enhance by five-and-a-half years for Smith's habitual offender status. It also sentenced Smith to two-and-a-half years on his theft conviction, which was ordered to be served concurrent with the sentence for resisting law enforcement, for an aggregate sentence of eight years executed. Smith now appeals.

## Discussion and Decision

## I. Abuse of Discretion

[6] Sentencing decisions are within the discretion of the trial court and are reviewed on appeal for an abuse of discretion. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (2007). "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* (quoting *K.S. v. State,* 849 N.E.2d 538, 544 (Ind. 2006)). A trial court may abuse its discretion (1) by failing to issue a sentencing statement or (2) by issuing a sentencing statement that bases a sentence on reasons that are not clearly supported by the record; omits reasons both advanced for consideration and clearly supported by the record; or includes reasons that are improper as a matter of law. *Id.* at 490-91.

Smith argues that the trial court abused its discretion when it sentenced him because it failed to identify two mitigating circumstances that he claims were clearly supported by the record. He specifically contends that the trial court failed to find his guilty plea and his history of mental illness to be mitigating factors. Smith asserts that his guilty plea saved the State "the considerable effort and expense of trying the case to a jury" and should have been considered as a mitigating circumstance in sentencing. *Appellant's Br*. at 7. He further claims that his history of paranoid schizophrenia and bipolar disorder "presumably impacted his overall functioning" and should have been factored into his sentence. *Id*. at 8.

The finding of mitigating factors is not mandatory and rests within the discretion of the trial court. *Flickner v. State*, 908 N.E.2d 270, 273 (Ind. Ct. App. 2009). The trial court is not obligated to accept the defendant's arguments as to what constitutes a mitigating factor and not required to give the same weight to proffered mitigating factors as the defendant does. *Id*. (citing *Gross v. State,* 769 N.E.2d 1136, 1140 (Ind. 2002)). Additionally, the trial court is not obligated to explain why it did not find a factor to be significantly mitigating. *Id*. "However, the trial court may 'not ignore facts in the record that would mitigate an offense, and a failure to find mitigating circumstances that are clearly supported by the record may imply that the trial court failed to properly consider them.'" *Id.* (quoting *Sherwood v. State,* 749 N.E.2d 36, 38 (Ind. 2001)). An allegation that the trial court failed to identify or find a mitigating factor

requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Id.*

[9] Here, when sentencing Smith, the trial court found two aggravating factors and no mitigating factors. The trial court then sentenced him to an aggregate eight years executed. Smith does not challenge the two aggravating factors found by the trial court – his prior criminal history and that he was on parole at the time of the present offenses. He merely challenges the trial court's failure to find two mitigating factors he claims were clearly supported by the record. However, during sentencing Smith did not present or argue any mitigating factors to the trial court, and in fact, his attorney stated his argument was not "an aggravator mi[t]igator argument" because Smith "doesn't have any of that in his favor." *Tr.* at 44. "'If the defendant does not advance a factor to be mitigating at sentencing, this Court will presume that the factor is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal.'" *Henley v. State*, 881 N.E.2d 639, 651 (Ind. 2008) (quoting *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind. 2000)). Thus, because Smith did not advance any mitigators at sentencing, he is precluded from raising them for the first time on appeal. We will, however, still determine whether the trial court abused its discretion.

[10] "Even when a defendant does not specifically argue that his guilty plea should be considered in mitigation, the defendant may subsequently argue on appeal that the trial court abused its discretion in failing to find the plea as a mitigating factor." *Caraway v. State*, 959 N.E.2d 847, 853 (Ind. Ct. App. 2011), *trans.*

*denied*. A guilty plea is not always a significant mitigating circumstance. *Id*. A guilty plea's significance is reduced if it is made on the eve of trial, if the circumstances indicate the defendant is not taking responsibility for his actions, or if substantial admissible evidence exists against the defendant. *Id.* Also, the plea may not be significant when the defendant receives a substantial benefit in return for the plea. *Id*.

[11] In the present case, Smith's guilty plea occurred the morning that his jury trial was to begin. The jury venire had already been called and was being shown an orientation video, the parties had argued their motions in limine, and the preliminary jury instructions had been determined when Smith decided to plead guilty. Therefore, the State had already prepared for trial, and the trial was to begin within a very short period of time; the guilty plea did not spare the State from its burden of preparing for trial. Further, Smith received a substantial benefit in pleading guilty. As a result of his plea, another felony theft count and a misdemeanor count of unauthorized entry into a motor vehicle were dismissed. His sentence was also capped at eight-and-a-half years although he could have faced a possible maximum eleven-year sentence.[4] Because the timing of Smith's guilty plea did not lessen the State's burden of preparing for trial and because he received a substantial benefit from pleading guilty, we

---

[4] Smith could have faced a possible eleven-year sentence if his sentences for the two Level 6 felony convictions were ordered to be served consecutively (two-and-a-half years plus two-and-a-half years equals five years) and if he was give the full six-year enhancement for his habitual offender adjudication.

conclude that the trial court did not abuse its discretion in not finding it to be a mitigating factor.

[12] Regarding Smith's claim that his mental illness should have been found to be a mitigating circumstance, he did not present any evidence that he committed his offenses as a result of his mental illness. The trial court must consider several factors in determining what, if any, mitigating weight to give to any evidence of a defendant's mental illness, which include: (1) the extent of the defendant's inability to control his or her behavior due to the disorder or impairment; (2) overall limitations on functioning; (3) the duration of the mental illness; and (4) the extent of any nexus between the disorder or impairment and the commission of the crime. *Krempetz v. State*, 872 N.E.2d 605, 615 (Ind. 2007). Because Smith did not present any evidence concerning his mental illness, the trial court could not have applied these factors and, therefore, did not abuse its discretion in not finding Smith's mental illness as a mitigating factor.

## II. Inappropriate Sentence

[13] Under Indiana Appellate Rule 7(B), "we may revise any sentence authorized by statute if we deem it to be inappropriate in light of the nature of the offense and the character of the offender." *Corbally v. State*, 5 N.E.3d 463, 471 (Ind. Ct. App. 2014). The question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). It is the defendant's burden on appeal to persuade the reviewing court

that the sentence imposed by the trial court is inappropriate. *Chappell v. State,* 966 N.E.2d 124, 133 (Ind. Ct. App. 2012), *trans. denied.*

[14]    Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State,* 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224.

[15]    Smith argues that his eight-year sentence is inappropriate in light of the nature of the offense and the character of the offender. He specifically contends that there was nothing particularly egregious about the nature of his offenses that would make it different or worse than other offenses of the same kind and, therefore, no justification for an enhanced sentence. Smith further claims that, although he had a lengthy criminal history, his character, including his history of mental illness and acceptance of responsibility by pleading guilty, does not place him among the worst offenders, and his sentence is inappropriate.

[16]    When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013) (citing *Anglemyer,* 868 N.E.2d at 494). Here, Smith pleaded guilty to one count of Level 6 felony resisting law

enforcement and one count of Level 6 felony theft. A person who commits a Level 6 felony shall be imprisoned for a fixed term of between six months and two and one-half years, with the advisory sentence being one year. Ind. Code § 35-50-2-7(b). Smith also admitted to being a habitual offender. When a person is found to be a habitual offender, the trial court shall sentence the person to an additional term that is between two years and six years for a person convicted of a Level 6 felony. Ind. Code § 35-50-2-8(i)(2). The trial court sentenced Smith to two and a half years for each of his Level 6 felony convictions with the sentences to run concurrently; it enhanced the resisting law enforcement sentence by five and a half years because of the habitual offender adjudication, resulting in an aggregate sentence of eight years.

[17] As to the nature of the offenses, Smith and another man were observed breaking into three cars in a shopping center parking lot and stealing items from the cars. When the police attempted to stop them, Smith drove into a nearby parking lot to evade the police, and when he did stop the van, he ran from the police on foot before being apprehended. The "revision of a sentence under Indiana Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of *both* the nature of his offenses and his character." *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)).

[18] The evidence relevant to Smith's character shows that he has a lengthy and extensive criminal history, which includes eleven felony convictions and six misdemeanor convictions. His first conviction, for grand theft auto, occurred in

1982 in California, and in the intervening years, he has been convicted of felony transporting or selling narcotics, felony grand theft from a person, Class C misdemeanor operating a vehicle with no proof of insurance, Class B misdemeanor disorderly conduct, Class D felony residential entry, Class A misdemeanor battery, Class A misdemeanor criminal mischief, Class B felony dealing in cocaine, six counts of Class D felony theft or receiving stolen property, a habitual offender adjudication, four counts of Class A misdemeanor resisting law enforcement, and Class C felony forgery. At the time he committed the present offenses, Smith was on parole and had a pending charge for Level 6 felony theft. Additionally, the evidence shows that he has been sentenced to probation, community corrections, jail, and the Department of Correction over the length of his criminal history, and none of these has deterred him from committing further offenses. We conclude that Smith's eight-year executed sentence is not inappropriate in light of the nature of the offense and the character of the offender.

## III. Proportionality Clause

[19]  The proportionality requirement of Article 1, Section 16 of the Indiana Constitution provides, "All penalties shall be proportioned to the nature of the offense." *Hazelwood v. State*, 3 N.E.3d 39, 42 (Ind. Ct. App. 2014). The nature and extent of penal sanctions is primarily a legislative consideration, and our review of these sanctions is highly restrained and very deferential. *Newkirk v. State*, 898 N.E.2d 473, 477 (Ind. Ct. App. 2008), *trans. denied*. We will not

disturb the General Assembly's determination of the appropriate penalty absent a showing of clear constitutional infirmity. *Id.*

[20] A criminal penalty violates the proportionality clause "'only when a criminal penalty is not graduated and proportioned to the nature of the offense.'" *Knapp v. State*, 9 N.E.3d 1274, 1289 (Ind. 2014) (quoting *Phelps v. State*, 969 N.E.2d 1009, 1021 (Ind. Ct. App. 2012), *trans. denied*), *cert. denied*, 135 S. Ct. 978 (2015). Thus, a legislatively determined penalty will not be set aside merely because it seems too severe. *Id.* at 1290. Our Supreme Court has held that the proportionality analysis of a habitual offender penalty has two components. *Id.* First, a reviewing court should make an inquiry into the nature and gravity of the present felony. *Id.* Second, a reviewing court should consider the nature of the predicate felonies upon which the habitual offender sentence is based. *Id.*

[21] Smith argues that the enhancement of his sentence under the habitual offender statute was unconstitutional under Article 1, Section 16. He asserts that the five-and-a-half-year enhancement was disproportionate to the "modest nature of the current offense." *Appellant's Br.* at 17. Smith contends that the advisory for the underlying offenses, both Level 6 felonies, was only one year, and his eight-year total sentence was an eight-fold increase to this advisory sentence, which was unconstitutionally disproportionate to the nature of the offenses.

[22] Looking at the nature and gravity of the present felonies in the instant case, the offenses were not that serious in nature and gravity, consisting of the theft of items by breaking into parked cars and resisting law enforcement by pulling into

a parking lot to evade the police and then running away on foot. However, the nature of the predicate offenses upon which the habitual offender sentence was based was much more significant. These offenses consisted of numerous thefts, dealing in a narcotic drug, and forgery. Further, Smith's pre-sentence investigation report stated that he had eleven felony convictions and six misdemeanor convictions. The number of prior offenses and the similarity of Smith's prior offenses to the present conviction show that the enhancement of his sentence was not disproportionate to the nature of the offense.

[23] To support his argument, Smith discusses *Best v. State*, 566 N.E.2d 1027 (Ind. 1991). In that case, the defendant was convicted of operating a vehicle while intoxicated with a prior conviction as a Class D felony and was given the presumptive sentence of two years, which was enhanced by twenty years under the habitual offender statute. *Id*. at 1031. Our Supreme Court found that a ten-fold enhancement of the defendant's operating a vehicle while intoxicated sentence was disproportionate under the Indiana Constitution. *Id*. at 1032. In the present case, the trial court enhanced Smith's two-and-a-half-year sentence for Level 6 felony theft by five-and-a-half years, which is far less than the ten-fold enhancement found to be constitutionally disproportionate in *Best*. Smith's sentence did not violate Article 1, Section 16 of the Indiana Constitution.

[24] Affirmed.

[25] Riley, J., and Pyle, J., concur.