**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DAVID M. ZENT**
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana



FILED

Feb 24 2012, 9:11 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEREMY D. STONE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1007-CR-464 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
Cause No. 02D04-0903-FD-315

**February 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Jeremy D. Stone appeals his sentence of three years executed for Class D felony strangulation.[1] We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 24, 2009, Stone illegally entered his victim's apartment in violation of a protective order. When she asked him to leave, Stone attacked and strangled her. The police arrived, and Stone was arrested. The State charged Stone with Class D felony strangulation, Class D felony residential entry,[2] Class A misdemeanor battery,[3] and Class A misdemeanor invasion of privacy.[4]

Stone, without benefit of a plea agreement, entered a plea of guilty to Class D felony strangulation. In exchange for his plea, the State dropped the remaining counts against him and did not file an habitual offender allegation as planned. On July 6, the trial court sentenced Stone to three years incarcerated, to be served consecutive to two previously-imposed sentences.

## DISCUSSION AND DECISION

1.      Abuse of Discretion

When the trial court imposes a sentence within the statutory range, we review for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). We may reverse a decision that is "clearly against the logic and

---

[1] Ind. Code § 35-42-2-9.
[2] Ind. Code § 35-43-2-1.5.
[3] Ind. Code § 35-42-2-1.
[4] Ind. Code § 35-46-1-15.1.

effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. (quoting *In re L.J.M*., 473 N.E.2d 637, 640 (Ind. Ct. App. 1985)).

Our review of the trial court's exercise of discretion in sentencing includes an examination of its reasons for imposing the sentence. *Id*. "This necessarily requires a statement of facts, in some detail, which are peculiar to the particular defendant and the crime . . . [and] such facts must have support in the record." *Id.* The trial court is not required to find mitigating factors or give them the same weight as the defendant. *Flickner v. State*, 908 N.E.2d 270, 273 (Ind. Ct. App. 2009). However, a court abuses its discretion if it does not consider significant mitigators advanced by the defendant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 490. The defendant has the burden of demonstrating an allegedly-overlooked mitigating factor "is not only supported by the record but also that the mitigating factor is significant." *Anglemeyer*, 875 N.E.2d 220-21. Once aggravators and mitigators have been identified, the trial court has no obligation to "weigh" those factors, *Anglemeyer,* 868 N.E.2d at 491, and thus we no longer review the court's balancing of aggravators and mitigators. *Id.*

The sentencing range for a Class D felony is six months to three years, with an advisory sentence of one and one half years. Ind. Code § 35-50-2-7. The trial court sentenced Stone to three years incarcerated.[5] Stone argues the trial court abused its discretion

---

[5] In its brief, the State notes Stone's earliest possible release date was November 30, 2011. There is no indication Stone has been released.

because it did not consider his guilty plea as a mitigating circumstance in determining his sentence. We disagree.

We have long held that a defendant who pleads guilty deserves a benefit for that plea, as pleading guilty demonstrates an acceptance of responsibility for the crime and saves the State valuable resources by avoiding a trial. *Cotto v. State*, 829 N.E.2d 520, 525 (Ind. 2005). However, a defendant's guilty plea "does not rise to the level of significant mitigation . . . where the evidence against him is such that the decision to plead guilty is merely a pragmatic one." *Edrington v. State*, 909 N.E.2d 1093, 1100-01 (Ind. Ct. App. 2009).

The State charged Stone with Class D felony strangulation, Class D felony residential entry, Class A misdemeanor battery, and Class A misdemeanor invasion of privacy. On the day Stone entered his guilty plea, the State was preparing to charge Stone as an habitual offender. In exchange for his guilty plea to Class D felony strangulation, the State dropped the other charges and did not file the habitual offender allegation. The State was prepared to present evidence of Stone's guilt including the victim's testimony, a recording in which Stone could be heard yelling in the background of the 911 call, and evidence Stone was present at the scene when police arrived, which was in violation of a protective order. Stone's decision to plead guilty undoubtedly was pragmatic, and he received substantial benefit from the State when it dropped the other charges against him in exchange for his plea. Stone "has not demonstrated that his guilty plea was a significant mitigating circumstance," *Anglemyer*, 875 N.E.2d at 221, and therefore "the trial court did not abuse its discretion by

4

omitting reference to the plea when imposing sentence." *Id.* (finding no abuse of discretion in failure to mention plea at sentencing because plea was pragmatic).

2.    Appropriateness of Sentence

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E. 2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied.* The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

The advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. The advisory sentence for a Class C felony is one and one half years, with a range of six months to three years. Ind. Code § 35-50-2-7. One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense that was accounted for by the legislature when it set the advisory sentence. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*.

Stone entered the victim's home illegally and in violation of a protective order. When she refused his advances, he attacked and strangled her until she "had trouble breathing and started seeing blackness." (App. at 15.) The trial court found the nature of Stone's offense

5

warranted the maximum sentence for his crime and, in light of those facts, we cannot disagree.

When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a defendant's criminal history depends on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Stone's criminal history is significant. He has nine misdemeanor convictions of crimes ranging from resisting law enforcement to public intoxication. He has four felony convictions of arson, burglary, and residential entry. At the time of the instant crime, Stone was on parole from the burglary conviction; and at the time of sentencing he was out on bond for a disorderly conduct conviction involving the same victim. Based on Stone's character, we cannot say his sentence was inappropriate.

## CONCLUSION

Stone has not demonstrated the trial court abused its discretion when it failed to mention Stone's guilty plea as a mitigating circumstance. Neither can we find Stone's sentence inappropriate based on his character and the nature of his crime. Accordingly, we affirm.

Affirmed.

CRONE, J., and BROWN, J., concur.