Robbie Lynn FLICKNER,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 31A01–0809–CR–409.

Court of Appeals of Indiana.

June 16, 2009.

Matthew Jon McGovern, Evansville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Joseph Robert Delamater, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Robbie Flickner appeals his sentence for nonsupport of a dependent child as a class C felony.[1] Flickner raises two issues, which we revise and restate as:

    I.    Whether the trial court abused its discretion in sentencing Flickner; and

---

1. Ind.Code § 35–46–1–5 (Supp.2002).

II.  Whether the sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

The relevant facts follow. On October 25, 2002, the State charged Robbie Flickner with nonsupport of a dependent child totaling over $15,000 as a class C felony. On November 12, 2002, Flickner's mother paid $15,000 on behalf of Flickner for child support, and Flickner was released on bond. The case was continued until September 25, 2003, when Flickner and his counsel failed to appear. The case was continued until October 15, 2003, but Flickner again failed to appear. Another warrant was issued, and Flickner appeared on February 17, 2004. Flickner spent the next 251 days in jail, but beginning on March 24, 2004 he was granted furlough to work.

On October 25, 2004, after entering an appearance and requesting a jury trial, which was set for March 15, 2005, Flickner was released on his own recognizance. Flickner's bond included the specific condition that he pay $200.00 per week in child support to the court clerk.

On March 1, 2006, the State filed a petition for revocation of bond which alleged that Flickner violated the condition of his bond by failing to pay child support between February 3 and February 24, 2006. Flickner failed to appear at the petition hearing on April, 24, 2006, and a warrant was issued for his arrest. Flickner again failed to appear on May 16, 2006 for his scheduled jury trial. The warrant issued on April 24, 2006 was served on January 25, 2008.

On July 2, 2008, Flickner entered a blind plea of guilty to nonsupport of a dependent child as a class C felony.

At the sentencing hearing, the trial court identified two aggravating circumstances and one mitigating circumstance. Regarding the aggravators, the court first noted that Flickner had a prior conviction for operating while intoxicated, a misdemeanor to which he pled guilty in 1997. However, the trial court found that Flickner's prior conviction was "not significant criminal history." Transcript at 47. The court believed the "more significant" aggravator was that "the defendant [ ] recently violated conditions of pretrial release granted to him, specifically, he was to pay child support and it appears by his own admission ... he did ... nothing to support his three children for two years when it was a condition of his pretrial release to do so." *Id.* The court then recognized as a mitigating circumstance that the offense did not cause or threaten violence or serious physical harm to any persons or property. The trial court explained that although Flickner did not deserve the maximum sentence:

> [C]ertainly the minimum sentence is not appropriate for you either. Just the aggravating circumstance, uh, the most serious aggravating circumstance is just your behavior while this case is going on while you're on pretrial release doing absolutely nothing for two years. No good faith effort to do anything for your children in terms of financially trying to take care of them. Nothing. That's a pretty serious aggravating circumstance. So taking that into account I believe it is appropriate to enhance your sentence to some degree and I think the right amount is six years.

*Id.* at 49–50.

The trial court sentenced Flickner to six years in the Indiana Department of Correction, suspending two and one-half years to probation.

## I.

■ The first issue is whether the trial court abused its discretion in sentencing Flickner. The offense in this case was committed in 2002, well before the April 25, 2005 revisions to Indiana's sentencing statutes were passed by the legislature. The Indiana Supreme Court has held that we apply the sentencing scheme in effect at the time of the defendant's offense. *See Robertson v. State,* 871 N.E.2d 280, 286 (Ind.2007) ("Although Robertson was sentenced after the amendments to Indiana's sentencing scheme, his offense occurred before the amendments were effective so the pre-*Blakely* sentencing scheme applies to Robertson's sentence."); *Gutermuth v. State,* 868 N.E.2d 427, 432 n. 4 (Ind.2007). Consequently, the pre-April 25, 2005 presumptive sentencing scheme applies to Flickner's nonsupport of a dependent child conviction.

■ Under the pre-April 25, 2005 sentencing statutes, sentencing decisions rest within the discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Smallwood v. State,* 773 N.E.2d 259, 263 (Ind.2002). An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances" before the court. *Pierce v. State,* 705 N.E.2d 173, 175 (Ind. 1998). In order for a trial court to impose an enhanced sentence, it must: (1) identify the significant aggravating factors and mitigating factors; (2) relate the specific facts and reasons that the court found to those aggravators and mitigators; and (3) demonstrate that the court has balanced the aggravators with the mitigators. *Veal v. State,* 784 N.E.2d 490, 494 (Ind.2003).

■ Flickner argues that the trial court abused its discretion when it failed to consider certain proposed mitigators. Specifically, Flickner contends that the trial court overlooked his willingness to plead guilty, and that his criminal history should have been identified as a mitigator rather than an aggravator. "The finding of mitigating factors is not mandatory and rests within the discretion of the trial court." *Ellis v. State,* 736 N.E.2d 731, 736 (Ind. 2000). The trial court is not obligated to accept the defendant's arguments as to what constitutes a mitigating factor. *Gross v. State,* 769 N.E.2d 1136, 1140 (Ind. 2002). "Nor is the court required to give the same weight to proffered mitigating factors as the defendant does." *Id.* Further, the trial court is not obligated to explain why it did not find a factor to be significantly mitigating. *Sherwood v. State,* 749 N.E.2d 36, 38 (Ind.2001). However, the trial court may "not ignore facts in the record that would mitigate an offense, and a failure to find mitigating circumstances that are clearly supported by the record may imply that the trial court failed to properly consider them." *Id.* An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Carter v. State,* 711 N.E.2d 835, 838 (Ind.1999).

■ With regard to Flickner's guilty plea, the Indiana Supreme Court has held that "a defendant who pleads guilty deserves 'some' mitigating weight be given to the plea in return." *Anglemyer v. State,* 875 N.E.2d 218, 220 (Ind.2007) ("*Anglemyer Rehearing*") (quoting *McElroy v. State,* 865 N.E.2d 584, 591 (Ind.2007)). The Court has also held that where a defendant willingly enters a plea of guilty, saving the court time and resources, he has "extended a substantial benefit to the state and deserves to have a substantial benefit extended to him in return." *Scheckel v. State,* 655 N.E.2d 506, 511 (Ind. 1995) (quoting *Williams v. State,* 430 N.E.2d 759, 764 (Ind.1982), *reh'g denied.*

*appeal dismissed,* 459 U.S. 808, 103 S.Ct. 33, 74 L.Ed.2d 47 (1982). *reh'g denied* ). The significance of a guilty plea as a mitigating factor varies from case to case. *Anglemyer,* 875 N.E.2d at 221. Also, a trial court does not abuse its discretion in finding that a defendant's decision to plead guilty is "more likely the result of pragmatism than acceptance of responsibility and remorse," *Davies v. State,* 758 N.E.2d 981, 987 (Ind.Ct.App.2001). *trans. denied.*

■ In this case, it took Flickner almost six years from the time of the offense before he entered his guilty plea. Over that time period his case was continued at his request on no less than fifteen occasions. The trial court twice had to issue a warrant for Flickner due to his failures to appear. Given these facts, we cannot say that Flickner willingly entered a guilty plea or conserved court resources. We conclude that the trial court did not abuse its discretion in according Flickner's decision to plead guilty no mitigating weight. *See Gillem v. State,* 829 N.E.2d 598, 605 (Ind.Ct.App.2005) (holding that because defendant did not enter into a plea agreement until two years after his offense, the trial court did not abuse its discretion when the plea was not accorded any mitigating weight), *trans. denied.*

■ Flickner next claims that the trial court should have considered his criminal history to be a mitigator rather than an aggravator. Flickner argues that his 1997 conviction for operating while intoxicated is not a sufficient criminal record to warrant a sentence enhancement. Flickner bases his argument on *Duncan v. State,* 857 N.E.2d 955 (Ind.2006), which held that a trial court's decision to enhance or not enhance a defendant's sentence based on prior convictions turns on the weight of those convictions. 857 N.E.2d at 959. "This weight is measured by the number of prior convictions and their gravity, by their proximity or distance from the pres-

ent offense, and by any similarity or dissimilarity to the present offense that might reflect on a defendant's culpability." *Id.* (quoting *Bryant v. State,* 841 N.E.2d 1154, 1156 (Ind.2006)).

Initially, we note that the trial court deemed Flickner's prior conviction as "not significant criminal history...." Transcript at 47. Thus, it does not appear that the trial court assigned Flickner's criminal history significant weight.

■ Even assuming that the trial court erred in considering Flickner's criminal history, "[o]ur courts frequently hold that a single aggravating circumstance may be sufficient to support the imposition of an enhanced sentence." *Comer v. State,* 839 N.E.2d 721, 725 (Ind.Ct.App.2005) (citing *Deane v. State,* 759 N.E.2d 201, 205 (Ind. 2001)), *trans. denied.* If valid aggravators exist, this court will remand only if we "cannot say with confidence that the trial court would have imposed the same sentence if it considered [only] the proper aggravating and mitigating circumstances." *Id.* (quoting *Pickens v. State,* 767 N.E.2d 530, 535 (Ind.2002)). The record is clear that the trial court's decision to enhance was based primarily on the other aggravator it identified: Flickner's noncompliance with the specific terms of his pretrial release. The trial court, in espousing on that aggravator, deemed it "a pretty serious aggravating circumstance," and explained: "[s]o taking that into account I believe it is appropriate to enhance your sentence to some degree and I think the right amount is six years." Transcript at 49–50.

Indeed, Flickner admitted at his sentencing hearing that he had no excuse for not complying with the terms of his pretrial release. Flickner explained that after his last child support payment on January 27, 2006, his job as a bricklayer ended due to weather and that he had not returned to work or made a payment since. During

that time Flickner's mother supported him and allowed him to live at her home. When the trial court asked Flickner if he had an excuse for why he exhibited a pattern of behavior of "laying around doing nothing ... welshing [sic] off your family members ... not supporting [himself or his] three kids for two years," Flickner replied that he had no excuse. Transcript at 41–42.

Based upon the record, even if, *arguendo*, Flickner's criminal history was mischaracterized by the trial court as an aggravating circumstance, Flickner's sentence enhancement was based on the other aggravator identified, which Flickner does not challenge.[2] We therefore conclude that the trial court did not abuse its discretion in sentencing Flickner for nonsupport of a dependent child.

## II.

The next issue is whether Flickner's sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind.2006).

Our review of the nature of the offense reveals that on October 24, 2002, Flickner had knowingly and intentionally failed to provide child support in excess of $15,000 for his dependent children.

Our review of the character of the offender reveals that Flickner pled guilty but not until almost six years after the

original charges were filed. Flickner admitted that he did not pay $200.00 per week after January 27, 2006 until he was arrested in January of 2008 for violating the conditions of his pretrial release. Thus, despite the fact that his mother helped pay down his arrearage in 2002 when he was originally arrested for nonsupport, Flickner has again run his total arrearage to $18,696.12 as of July 20, 2008. Flickner failed to appear at court hearings on four occasions. Subsequent to his original arrest, the trial court twice had to issue a warrant for Flickner's arrest: once for a failure to appear and once for violations of his pretrial release. Flickner did exhibit an interest in the lives of his children at his sentencing hearing. Flickner also displayed a pattern of child support nonpayment, showing a tendency to pay child support only when on work release or furlough. Flickner also had a prior criminal conviction for operating while intoxicated for which he was convicted five years from the time he was first arrested for nonsupport of a dependent child.

After due consideration of the trial court's decision, we cannot say that the six-year sentence with two and one-half years suspended to probation imposed by the trial court is inappropriate in light of the nature of the offense and the character of the offender.

For the foregoing reasons, we affirm Flickner's sentence for nonsupport of a dependent child as a class C felony.

Affirmed.

CRONE, J. and BRADFORD, J., concur.

2. We find it difficult to accept Flickner's argument that his criminal history, a conviction for operating a vehicle while intoxicated, should have been considered a mitigating circumstance.