**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**GARY L. GRINER**
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

FILED

Nov 07 2012, 9:31 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LAQUINTON LEONARD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1203-CR-128 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Roland W. Chamblee, Jr., Judge
Cause No. 71D08-1003-MR-1

**November 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

LaQuinton Leonard appeals his conviction of and sentence for murder, a felony.[1]  He presents three issues for our consideration:

1.      Whether the State presented sufficient evidence to rebut Leonard's claim of self-defense and support his conviction of murder;

2.      Whether the trial court abused its discretion when it sentenced Leonard; and

3.      Whether Leonard's sentence is inappropriate based on the crime and his character.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

On the evening of October 21, 2009, Leonard and a group of friends and family were gathered on Birdsell Street in South Bend.  Phillip Bell arrived on Birdsell Street sometime after 10 p.m. to borrow a video game system from a friend.  Bell had difficulty finding his friend's house, Leonard confronted Bell after Bell allegedly knocked on the door at the home of Leonard's aunt, and Leonard shot Bell.  When police arrived on the scene, Bell was dead under a nearby tree from a gunshot wound.

The State charged Leonard with murder, and over a year after he was charged, Leonard was arrested.  On January 26, 2012, a jury found Leonard guilty.  The trial court sentenced Leonard to fifty-five years incarcerated with eight years suspended.

---

[1] Ind. Code § 35-42-1-1.

## DISCUSSION AND DECISION

1.    <u>Sufficiency of the Evidence</u>

When reviewing sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the factfinder's decision *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the factfinder's decision. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the factfinder's decision. *Id.* at 147.

a.    <u>Self-Defense</u>

Leonard argues the State did not rebut his self-defense claim. To claim self-defense, Leonard had to show he: (1) was where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *Brand v. State*, 766 N.E.2d 772, 777 (Ind. Ct. App. 2002). The State has the burden of rebutting a claim of self-defense. *Id.* To do so, the State must negate at least one of the three elements of a self-defense claim. *Id.* We review the sufficiency of the evidence to rebut a claim of self-defense in the same way we review any sufficiency claim. *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002).

3

Leonard argued that, after he asked Bell why he was in the neighborhood, Bell pulled up his shirt to reveal a gun and then began shooting at Leonard. However, the State presented evidence Leonard:

> . . . yelled out to [Bell] something to the effect of why are you here, who are you looking for. [Leonard] went jogging towards . . . [Bell] and as he approached him . . . [Leonard] pulled his hood up . . . drew a handgun and fired shots at [Bell].

(Tr. III[2] at 10.) Leonard's argument is an invitation for us to reweigh the evidence and judge witness credibility, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court cannot reweigh evidence or judge witness credibility).

  b.  <u>Murder</u>

To prove Leonard committed murder, a felony, the State had to prove he knowingly or intentionally killed Bell. *See* Ind. Code § 35-42-1-1. Leonard argues the State did not present evidence from which the jury could infer the bullet from his gun was the bullet that killed Bell. We disagree.

The State presented evidence twenty-one different shots were fired from six different guns during the incident. The night of the crime, Leonard had a .32 caliber gun, and the other members of his party were carrying larger caliber weapons, identified as four .38 caliber guns, a .357 revolver, and a 9mm semiautomatic weapon. Bell had a 9mm semiautomatic weapon. A forensic pathologist recovered a .32 caliber bullet from Bell's arm, and the fatal shot, which pierced Bell's aorta, was "roughly" the same size. (Tr. at 258.)

---

[2] The third volume of the transcript is not consecutively paginated with the other two volumes of the transcript. Therefore, we will refer to the third volume as "Tr. III."

Based on the evidence presented by the State, the jury could reasonably infer a .32 caliber bullet caused Bell's death, and Leonard's argument otherwise is an invitation for us to reweigh the evidence, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court cannot reweigh evidence or judge witness credibility).

### 2. Abuse of Discretion in Sentencing

When the trial court imposes a sentence within the statutory range, we review for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). We may reverse a decision that is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. (quoting *In re L.J.M.*, 473 N.E.2d 637, 640 (Ind. Ct. App. 1985)).

Our review of the trial court's exercise of discretion in sentencing includes an examination of its reasons for imposing the sentence. *Id.* The trial court is not required to find mitigating factors or give them the same weight that the defendant does. *Flickner v. State*, 908 N.E.2d 270, 273 (Ind. Ct. App. 2009). However, a court abuses its discretion if it does not consider significant mitigators advanced by the defendant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 490. Once aggravators and mitigators have been identified, the trial court has no obligation to weigh those factors. *Id*. at 491.

Leonard argues the trial court should have considered his claim of self-defense as a mitigating circumstance and did not give his young age more weight when sentencing him. The evidence did not support Leonard's claim of self-defense, and the trial court did

5

recognize Leonard's age as a mitigator. As the trial court was not obliged to give Leonard's age the same weight Leonard might, *see Flickner*, 908 N.E.2d at 273, we cannot say the trial court abused its discretion when it sentenced Leonard to fifty-five years with eight years suspended for Bell's murder.

3.      Appropriateness of Sentence

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E. 2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other facts appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied.* The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. The advisory sentence for murder is fifty-five years, with a range of forty-five to sixty-five years. Ind. Code § 35-50-2-3. The trial court sentenced Leonard to fifty-five years with eight years suspended. The evidence most favorable to the verdict does not suggest Bell provoked the attack, and it could be reasonably inferred the fatal shot was fired from Leonard's gun. Therefore, we cannot say the trial court's imposition of the advisory sentence was inappropriate based on the nature of the crime.

When considering the character of the offender, one relevant fact is criminal history.

6

*Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* While it is true Leonard's criminal history is sparse, his prior adjudication as a juvenile also involved "firing a handgun in public." (Tr. III at 209.) Based on his criminal history which is related to the instant crime, we cannot say Leonard's sentence is inappropriate based on his character.

## CONCLUSION

We hold the State presented sufficient evidence to rebut Leonard's claim of self-defense and to prove Leonard committed murder. Further, the trial court did not abuse its discretion in sentencing Leonard, nor is Leonard's sentence inappropriate based on the nature of the crime or his character. Accordingly, we affirm.

Affirmed.

KIRSCH, J., and NAJAM, J., concur.