**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**P. JEFFREY SCHLESINGER**
Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana



FILED

Nov 16 2012, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BERNARD SIMMONS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1203-CR-104 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-0909-FA-42

**November 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Bernard Simmons appeals his six-year sentence for Class C felony criminal confinement.[1] We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 4, 2009, the State charged Simmons with one count of Class A felony child molesting,[2] one count of Class B felony child molesting,[3] and one count of Class C felony child molesting[4] after Simmons was discovered with a partially clothed minor who later indicated sexual intercourse occurred. Pursuant to a plea agreement, the State dismissed those counts and filed a charge of Class C felony criminal confinement, to which Simmons entered a plea of guilty. The plea left sentencing open to the trial court's discretion based on the parties' arguments. The trial court sentenced Simmons to six years incarcerated.

## DISCUSSION AND DECISION

A person who commits a Class C felony "shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years." Ind. Code § 35-50-2-6(a). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). A trial court may impose any sentence "within the allowable range for a given crime without a requirement to identify specific aggravating or mitigating circumstances." *Id.* Nevertheless, the court "must enter a statement including reasonably

---

[1] Ind. Code § 35-42-3-3(b)(1).
[2] Ind. Code § 35-42-4-3(a).
[3] Ind. Code § 35-42-4-3(a).
[4] Ind. Code § 35-42-4-3(b).

detailed reasons or circumstances for imposing a particular sentence." *Id*. at 1223. We review the reasons given, and the omission of reasons arguably supported by the record, for an abuse of discretion. *Id*. "The relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse [of discretion]." *Id*. A sentencing court abuses its discretion only if its decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g on other grounds* 875 N.E.2d 218 (Ind. 2007).

Simmons argues the trial court should have considered as a mitigator "the undisputed testimony that Simmons would suffer hardship and probably beatings while incarcerated" and the trial court improperly "utiliz[ed] facts from a charge which [sic] was not proven to impose an aggravated sentence[.]" (Br. of Appellant at 6.) There was no abuse of discretion.

The trial court found as mitigators:

1. The defendant has pled guilty and admitted responsibility which minimal weight is given since the defendant was originally charged with a Class A felony.
2. Evidence at sentencing indicates that the defendant has diminished capacity. However, the defendant functions well in society and recently obtained a driver's license.
3. The defendant has a lack of criminal activity or history.

(App. at 14.) Simmons' father testified Simmons "won't make it in jail" because he "doesn't even defend himself when he's out here free." (Tr. at 44.) The trial court noted:

Do I think a prison sentence will be a hardship to you? I do. Mostly because of your diminished mental capacity. But can I use that as such a significant factor, just by all the aggravating factors that I've noted, to keep you out of prison? The answer I have for myself and the answer I have for you is

3

absolutely not.

(*Id.* at 72-3.) The trial court is not required to accept the mitigators proffered by the defendant, nor is it required to give a proposed mitigator the same weight a defendant does. *Flickner v. State*, 908 N.E.2d 270, 273 (Ind. Ct. App. 2009). Therefore, the trial court did not abuse its discretion when it did not give the same mitigating weight to the alleged hardship Simmons might face in prison as Simmons might have hoped.

The trial court found as aggravators:

1. As indicated in the factual basis for the plea agreement: upon the discovery of confinement, the victim was found crying on a bed and adjusting her underwear.
2. Evidence at sentencing reveals that the defendant would sedate the victim to facilitate the defendant's advances toward the victim.
3. The defendant was the live-in boyfriend of the victim's mother and served as a caretaker when the mother was at work. As such, he violated a significant position of trust.
4. The victim testified to multiple episodes of sexual intercourse.
5. The defendant's character is deceptive and manipulative.

(App. at 14-5.) Simmons argues the trial court's consideration of the victim's testimony that there were multiple episodes of sexual intercourse was improper because those facts were unproven. However, the trial court may consider uncharged conduct as an aggravating circumstance. *Harlan v. State*, 971 N.E.2d 163, 170 (Ind. Ct. App. 2012). Simmons' pre-sentence investigation report indicated there were uncharged incidents of alleged sexual contact with the victim in Illinois. The victim testified at sentencing hearing about multiple episodes of sexual intercourse. Based on that evidence, we find no abuse of discretion in the trial court's finding an aggravator in the multiple episodes of sexual intercourse, even though

4

Simmons was not criminally charged for those offenses.  Accordingly, we affirm.

Affirmed.

NAJAM, J., and KIRSCH, J., concur.