**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 18 2013, 5:32 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SCOTT L. BARNHART**
Keffer Barnhart LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA A. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RYAN SCHONABAUM, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A04-1302-CR-44 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Carl A. Heldt, Judge
Cause No. 82C01-0002-CF-158

**September 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Ryan Schonabaum appeals the fifty-year sentence imposed for two convictions of Class A felony child molesting.[1] He asserts the trial court abused its discretion by failing to consider significant mitigators supported by the record and his sentence is inappropriate in light of his character and offense. We affirm.

## FACTS AND PROCEDURAL HISTORY

Between September and December of 1999, twenty-six-year-old Schonabaum performed oral sex on K.R. and C.R., both of whom were under the age of fourteen. He pled guilty to two counts of Class A felony child molesting pursuant to an agreement that provided his sentences would be served concurrently. The court accepted his plea and entered the convictions. After the sentencing hearing, the court found no mitigating factors, but found the following aggravators:

> [D]efendant has a history of criminal activity. Specifically he has a felony conviction for Child Molesting . . . and the Court finds great significance that he was just released from probation September 1999, the same month that he committed the instant offense. The Court also believes that any sort of a reduced sentence in this case would depreciate the seriousness of the crime and the . . . and he's obviously in need of a long period of incarceration, primarily to protect other children from him.

(Tr. at 18.) Based thereon, the court entered two fifty-year sentences and ordered them served concurrently.

## DISCUSSION AND DECISION

1.    Abuse of Discretion

When the trial court imposes a sentence within the statutory range, we review for an

---

[1] Ind. Code § 35-42-4-3(a)(1).

2

abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). We may reverse a decision that is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. (quoting *In re L.J.M.*, 473 N.E.2d 637, 640 (Ind. Ct. App. 1985)).

Our review of the trial court's exercise of discretion in sentencing includes an examination of its reasons for imposing the sentence. *Id*. "This necessarily requires a statement of facts, in some detail, which are peculiar to the particular defendant and the crime . . . [and] such facts must have support in the record." *Id*. The trial court is not required to find mitigating factors or give them the same weight the defendant does. *Flickner v. State*, 908 N.E.2d 270, 273 (Ind. Ct. App. 2009). However, a court abuses its discretion if it does not consider significant mitigators "clearly supported by the record and advanced for consideration." *Anglemyer*, 868 N.E.2d at 491. Once aggravators and mitigators have been identified, the trial court has no obligation to weigh those factors. *Id*.

Schonabaum first asserts the court should have found his guilty plea a mitigator. "An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant." *Anglemyer*, 875 N.E.2d at 221. A "guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility, or when the defendant receives a significant benefit in return for the plea." *Id*.

3

Schonabaum's guilty plea provided his sentences would be served concurrently, which reduced his possible sentence from one hundred years to fifty years. Schonabaum admitted the crimes in a taped statement given after he waived his rights. He suggested to the officer preparing the presentence investigation report that his eight-year-old victim had some responsibility for her molestation because she was "coming on to him." (App. Vol. II at 20.) Under these circumstances, as Schonabaum's plea was pragmatic and brought him a great benefit, we conclude the trial court did not abuse its discretion by failing to mention the plea as a mitigator. *See Anglemyer*, 875 N.E.2d at 221 (concluding court did not abuse its discretion by omitting reference to a plea when evidence against defendant was "overwhelming" and defendant received the benefit of dismissed charges and a reduced sentence).

Next, Schonabaum alleges the court "erred when it failed to recognize [his] difficult childhood and prior experience as a molestation victim as significant mitigating factors." (Br. of Appellant at 5.) He asserts he should be seen as "less culpable" because "he was around the age of the victims in this case when he was molested himself." (*Id*.) We note Schonabaum did not testify at trial or submit any documentary evidence to support these allegations. Rather, the only reference to them in the record is in the unsworn statements he gave for the presentence investigation report. (App. Vol. II at 23, 27.) We are inclined to agree with the State, which asserts Schonabaum's molestation as a child, rather than being a mitigator, means he was "in a position to understand intimately the harm that child molesting causes victims." (Br. of Appellee at 6.) Nevertheless, as our Indiana Supreme Court has

4

"held that evidence of a difficult childhood is entitled to little, if any, mitigating weight," *Bethea v. State*, 983 N.E.2d 1134, 1141 (Ind. 2013), we cannot hold the trial abused its discretion by overlooking this proposed mitigator.

　　2.　　Inappropriateness

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E. 2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied.* The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. The advisory sentence for a Class A felony is thirty years, with a range of twenty to fifty years. Ind. Code § 35-50-2-4. Schonabaum was sentenced to fifty years for each conviction; however his plea agreement's requirement that the sentences be ordered served concurrently reduced his possible sentence from one hundred years to fifty years. Schonabaum's offenses involved two different girls, one eight years old and one seven years old.

When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the

5

gravity, nature, and number of prior offenses in relation to the current offense. *Id*. Schonabaum's criminal history included convictions in 1995 of one count of Class C felony child molesting and one count of Class D felony child molesting. Schonabaum was released from four years of probation for those convictions on September 1, 1999, which is the same month he began committing the molestations underlying the charges herein. According to the presentence investigation report, Schonabaum claimed he began fondling the eight-year old because she "was coming on to him," (App. Vol. II at 20), by "leaning against him while he was showing her how to run a program on his computer." (*Id*.) Based on his criminal history, his commission of these crimes immediately upon completing probation, and his suggestion an eight-year-old girl wanted to engage in sexual activity with him, we cannot say his fifty-year sentence is inappropriate.

## CONCLUSION

The trial court did not abuse its discretion in sentencing Schonabaum, nor is his sentence inappropriate based on his character and the nature of the offense. Accordingly, we affirm.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.

6