**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 22 2014, 8:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BETH ANN FOLZ**
McFadin Higgins & Folz, LLP
Mt. Vernon, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JACOB A. PHILLIPS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 65A01-1312-CR-529 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE POSEY SUPERIOR COURT
The Honorable S. Brent Almon, Judge
Cause No. 65D01-1004-FB-154

**July 22, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

<u>STATEMENT OF THE CASE</u>

Appellant-Defendant, Jacob Phillips (Phillips), appeals his sentence for three Counts of sexual misconduct with a minor, Class B felonies, Ind. Code § 35-42-4-9(a)(1).

We affirm.

<u>ISSUES</u>

Phillips raises two issues on appeal which we restate as follows:

(1) Whether the trial court abused its discretion by ordering consecutive sentences; and

(2) Whether his sentence ordered in Posey County was inappropriate.

<u>FACTS AND PROCEDURAL HISTORY</u>

On April 27, 2010, seventeen year old B.K.L., voluntarily went to Holly's House in Evansville, Indiana[1], and spoke with Detective Brian Turpin of the Evansville Police Department (Detective Turpin). B.K.L. told Detective Turpin that she was born in January 1993, and when she was around the age of six, her mother married Phillips. At the time, they lived in Vanderburgh County, Indiana. Shortly after the marriage, B.K.L. narrated that Phillips would enter her bedroom and would place his fingers inside her vagina.

In 2004, B.K.L.'s family moved to Warrick County, Indiana and lived in a trailer. B.K.L. reported that the fondling and touching progressed, and Phillips started having vaginal sexual intercourse with her. B.K.L. stated that she was about ten or eleven years

---

[1] This is a safe house where victims of sexual abuse are interviewed. A multi-disciplinary team including the Prosecutor's Office, Police Department, County Sheriff's Office, and the Department of Child Services work together to provide protection and justice.

old when it first happened.  Also, while living in Warrick County, Phillips performed oral sex on her and she was required to perform oral sex on him as well.  B.K.L. added that Phillips had anal sex with her.  B.K.L. also told Detective Turpin that on one occasion, her mother was in the trailer while Phillips had sexual intercourse with her.

In 2006, the family moved back to Vanderburgh County, Indiana.  At the time, B.K.L. was thirteen years old.  B.K.L. added that Phillips continued to engage in vaginal, oral, and anal sex with her.  Sometime in 2007 or in 2008, while staying at the Drury Inn in Evansville, Indiana, B.K.L. stated Phillips had vaginal sexual intercourse with her, while her mother watched.

In 2007, B.K.L. and her family moved to the Rocky Falls Campgrounds in Posey County, Indiana.  B.K.L. was between fourteen and fifteen years old.  B.K.L. recounted that Phillips continued to engage in vaginal, oral, and anal intercourse with her while her family was living in a tent.  B.K.L. stated that there were many occasions while living in Vanderburgh, Warrick, and Posey Counties, her four younger half-brothers were near or in an adjoining room while Phillips sexually molested her.

On the same day, Detective Turpin went to 1314 Olive Street in Evansville, Vanderburgh County and met with Phillips.  Phillips agreed to accompany him to the Evansville Police Department.  While there, Detective Turpin advised Phillips of his *Miranda* rights, and Philips indicated that he understood his rights and agreed to speak with him.  During the interrogation, Phillips immediately admitted guilt.  Phillips stated that he began molesting B.K.L. at the age of six because she was "cold and distant towards him

when he first married her mother." (Appellant's App. p. 53). Phillips also confessed that while living in Vanderburgh, Warrick, and Posey Counties, he sexually molested B.K.L. multiple times. However, Phillips clarified that he limited the "anal sex [] because it caused her discomfort or pain." (Appellant's App. p. 5). Phillips also wrote a letter of apology to B.K.L. in which he referred to her as his lover, and indicated that the sexual acts between them were consensual.

On the same day, Detective Turpin met with B.K.L.'s mother. B.K.L.'s mother confirmed that she had, in fact, watched Phillips engage in vaginal sexual intercourse with B.K.L. in their home in Warrick County and while staying at the Drury Inn in Vanderburgh County. Mother also established that during the period in time when Phillips repeatedly sexually molested B.K.L., B.K.L.'s younger half-brothers, were within hearing distance.

On April 29, 2010, the State filed an Information in Vanderburgh County charging Phillips with three Counts of child molesting, Class A felonies, and two Counts of sexual misconduct with a minor, Class B felonies. The Information stated that Phillips engaged in fondling, vaginal, oral, and anal intercourse with B.K.L. during the years of 1999, 2006, and 2007.

On April 30, 2010, Phillips was charged in Posey County with three Counts of sexual misconduct with a minor, Class B felonies. The Information stated that Phillips engaged in sexual intercourse or deviate sexual conduct with B.K.L., a child at least fourteen years old but less than sixteen years old, between September 2007 and August 2008.

On September 28, 2010, Phillips was charged in Warrick County with one Count of child molesting, a Class A felony, and one Count of child molesting, a Class C felony. The Information stated that Phillips engaged in sexual intercourse or deviate sexual conduct with B.K.L., a child under the age of fourteen, on multiple occasions between 2004 and 2005.

On July 16, 2012, Phillips pled guilty in Warrick County to child molesting, as Class A felony. In exchange for his guilty plea, the Warrick County Prosecutor's Office dismissed the Count of Class C felony child molesting. On October 15, 2012, the trial court sentenced Phillips to thirty-five years in the Department of Correction.

On October 19, 2012, Phillips pled guilty in Vanderburgh County to one Count of child molesting, as a Class A felony, and to two Counts of sexual misconduct with a minor, Class B felonies. Pursuant to the guilty plea, the Vanderburgh County Prosecutor's Office agreed to dismiss two Counts of child molesting, Class A felonies. Subsequently, the trial court sentenced Phillips to thirty-years on child molesting, as a Class A felony, and to ten years each, for two counts of sexual misconduct with a minor, Class B felonies, all to be served consecutively to each other, making it an aggregate sentence of fifty years. In addition, the trial court ordered that the fifty-year sentence be served consecutively to the thirty-five year sentence imposed in Warrick County.

On July 25, 2013, Phillips pled guilty in Posey County to the three Counts of sexual misconduct with a minor, Class B felonies. A sentencing hearing was held on September 30, 2013, but was adjourned to October 22, 2013. At the close of the evidence, the trial court entered an Order sentencing Phillips to a concurrent sentence of fifteen years on all

5

three Counts. On October 29, 2013, Phillips filed a motion to reopen evidence, which was subsequently granted. In granting the motion, the trial court vacated the October 22 sentencing Order. The case was then set for a new sentencing hearing on November 7, 2013. At the sentencing hearing, the trial court admitted into evidence, Phillips' Exhibit B which consisted of his medical records, and Exhibit C which was a letter addressed to the court, attempting to explain the various statements he had made in his letter of apology to B.K.L.

At the close of the hearing, the trial court incorporated the factors stated in the October 22, 2013 sentencing Order, and it reaffirmed Phillips' concurrent sentence of fifteen years on all three Counts. In addition, the trial court ordered that the concurrent fifteen-year sentences be served consecutively to his aggregate sentence of eighty-five years imposed in Warrick and Vanderburgh Counties. Phillips total sentence is 100 years.

Phillips now appeals. Additional information will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Abuse of Discretion*

Phillips contends that the trial court abused its discretion by ordering that his fifteen-year concurrent sentences, imposed in Posey County, be served consecutively to his eighty-five-year sentence levied in Warrick and Vanderburgh Counties.

Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

The decision to impose consecutive sentences lies within the discretion of the trial court. *See Echols v. State*, 722 N.E.2d 805, 808 (Ind. 2000). An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Anglemyer*, 868 N.E.2d at 490. A single aggravating circumstance may support the imposition of consecutive sentences. *Hampton v. State*, 873 N.E.2d 1074, 1082 (Ind. Ct. App. 2007).

As stated in the foregoing, a single aggravating circumstance may support the imposition of consecutive sentences. In its sentencing statement, the trial court identified not just one, but several aggravating factors. The record reveals that Phillips molested B.K.L. over a long period of time. By the time B.K.L. was ten or eleven years old, the fondling and touching escalated to oral, anal, and vaginal sexual intercourse. Occasionally, Phillips required B.K.L. to perform oral sex on him. The record further reveals that Phillips would engage in sexual intercourse with B.K.L. at least three times a week. On two occasions, Phillips engaged in sexual intercourse with B.K.L. in front of her mother. Lastly, the record reveals that the sexual molesting caused B.K.L. develop depression, anxiety, and she had trouble with her relationships with men. Based on the foregoing, it is abundantly clear that the trial court considered these circumstances to be aggravating. As such, we find that the trial court did not abuse its discretion in imposing consecutive sentences.

Phillips also contends that the trial court abused its discretion when it failed to consider the following mitigating factors: (1) he pled guilty to all the sexual offenses he was charged with in all three counties; and (2) he had been diagnosed with bipolar disorder. We disagree. The finding of mitigating circumstances is well within the discretion of the

7

trial court. *Abel v. State*, 773 N.E.2d 276, 280 (Ind. 2002). A sentencing court need not agree with the defendant as to the weight or value to be given to a proffered mitigating factor. *Bostick v. State*, 804 N.E.2d 218, 225 (Ind. Ct. App. 2004).

Phillips is correct to state that his guilty pleas should generally be afforded some mitigating weight. *See Flicker v. State*, 908 NE2d 270,273 (Ind. Ct. App. 2013). In the instant case, we note that the trial court considered his guilty plea as a mitigating factor in its sentencing statement, however, it did not credit weight to it. As noted above, it is within the trial court's discretion to determine both the existence and weight of a significant mitigating factor. Given this discretion, we conclude that the trial court did not abuse its discretion when it considered the guilty plea and found that this mitigating factor did not offset the aggravating factors—nature of the offense. Moreover, Phillips received a reduced sentence when he entered into plea deal with the Prosecutor's Office in Posey County. Phillips should not be allowed to receive a second benefit.

As for Phillips' last assertion that the trial court abused its discretion for failing to consider his bipolar diagnosis as a mitigating factor, we find that assertion is incorrect. Although Phillips presented evidence at his sentencing hearing that he had been diagnosed with bipolar disorder, Phillips failed to provide any nexus between his bipolar illness and the sexual acts he performed on B.K.L. Because Phillips failed to demonstrate the connection between his mental illness and the sexual offenses, the trial court did not abuse its discretion when it declined to give this factor any mitigating weight.

Based on the evidence before us, we conclude that the trial court properly balanced the aggravating and mitigating factors when sentencing Phillips. We also find that the trial court did not abuse its discretion by failing to consider the mitigating factors suggested by Phillips. Furthermore, we cannot say that the imposition of consecutive sentences was improper, as the trial court found several aggravators that were clearly supported by the record.

## II. *Inappropriate Sentence*

In his last argument, Phillips claims that his concurrent fifteen-year sentence on each of the three Counts of sexual misconduct with a minor was inappropriate in light of the nature of the offense and his character.

Indiana Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). "Ultimately the length of the aggregate sentence and how it is to be served are the issues that matter." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other considerations that come to light in a given case. *Id.*

The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). The advisory sentence for a Class B felony is ten years, with a minimum of six and a maximum of twenty years. Here, the trial court imposed a fifteen year sentence on each of the three Class B felony Counts.

Here, Phillips claim that it was "a single victim" and that the "abuse had stopped approximately two years" before B.K.L. reported. (Appellant's Br. p. 14). Phillips further argues that "he had largely led a law abiding life with a single prior conviction when he was thirteen years old." (Appellant's Br. p. 14). In addition, Phillips claims that he "had acknowledged the wrongfulness of his conduct and expressed remorse, [and that] even during his initial meeting with [Detective Turpin], he wrote a letter of apology to [B.K.L.]." (Appellant's Br. p. 14).

Notwithstanding his claims, we find that the nature of his offenses was most heinous. For nine years, Phillips used his own stepdaughter, B.K.L., to satisfy his sexual needs. Phillips' conduct was not a single act of sexual misconduct; rather, it was a long-term pattern of sexual abuse on B.K.L. *See Newsome v. State*, 797 N.E.2d 293, 300 (Ind. Ct. App. 2003) *trans. denied*. Here, the sexual misconduct started off as fondling and touching but later escalated to oral, vaginal and anal sexual intercourse. Phillips admitted that he would, on average, have sexual intercourse with B.K.L. three times a week and he also bribed B.K.L to remain silent of what transpired in the house. Phillips was B.K.L.'s stepfather and was in a position of trust with B.K.L., but he repeatedly, violated the ever-important trust that

10

exists between a parent and a child. *See Williams v. State*, 997 N.E.2d 1154, 1166 (Ind. Ct. App. 2013). In conclusion, we find that the nature of Phillips' offenses alone justify the trial court's sentencing decision.

Lastly, our consideration of Phillips' character does not alter our conclusion. Phillips notes that he had no adult criminal conviction except for one juvenile adjudication when he was thirteen years old. Turning to the record, we find that Phillips' minimal criminal history was offset by the fact that he repeatedly sexually molested B.K.L. over a prolonged period. Furthermore, when he confessed to the crimes, he wrote a self-serving apology letter to B.K.L., where he blamed the police for twisting his words, and he firmly declared that B.K.L. was his lover and that the sexual acts were all consensual. None of these facts speak well for Phillips' character.

Based on our review of the evidence, we see nothing in Phillips' character or in the nature of his offenses that would suggest that his sentence is inappropriate.

### CONCLUSION

In light of the foregoing, we conclude that the trial court did not abuse its discretion by ordering the fifteen-year concurrent sentences ordered in Posey County to run consecutively to his aggregate sentence of eighty-five-years ordered in Vanderburgh and Warrick Counties. Lastly, we conclude that Phillips' sentence is appropriate.

Affirmed.

ROBB, J. and BRADFORD, J. concur