Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 19 2014, 9:56 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEREMY M. NOEL**
Monroe County Public Defender
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL STEPHEN ANGLE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 53A05-1311-CR-545 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Marc Kellams, Judge
Cause No. 53C02-1111-MR-1103

**November 19, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Michael Stephen Angle appeals his sentence of sixty-five years for murder.[1] He argues his sentence is inappropriate based on the nature of the offense and his character. We affirm.

## FACTS AND PROCEDURAL HISTORY

On November 14, 2011, Angle entered the Garden of Eden store in Bloomington, Indiana. The clerk, Lauren Kahn, was in the store by herself and approached Angle after he asked to view a piece of merchandise. Angle started stabbing Kahn in her face, neck, shoulder, chest cavity, breasts, thigh, and knee. Before he could take money from the store, he was interrupted by a neighbor who had heard Kahn screaming. Angle began to chase the neighbor, but Angle then fled the area in his mother's minivan, threw the knife used to stab Kahn out of the window, and crashed the van. The neighbor and Kahn called 911 and ambulances arrived shortly thereafter, but ultimately Kahn died from loss of blood.

After crashing the van, Angle went back to his mother's house and told her what he had done. He then went to the Monroe County jail and told a correctional officer that he "killed somebody." (Tr. at 608.) He provided the officer with his bloody clothes and shoes, and he confessed to the crime. Based thereon, the State charged Angle with murder and Class A felony voluntary manslaughter.[2]

During trial, two mental health professionals testified about Angle's mental state at the time of the crime. The first concluded Angle "was not in a fully sane state at the time of

---

[1] Ind. Code § 35-42-1-1 (2007).

[2] Ind. Code § 35-42-1-3 (2004).

the killing." (*Id*. at 854-55.) The second, however, arrived at the opposite conclusion, noting there was no "credible trauma to hang a post-traumatic stress disorder diagnosis on." (*Id*. at 886.) The jury found Angle guilty, and then the trial court entered a conviction of murder and sentenced Angle to sixty-five years.

## DISCUSSION AND DECISION

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E. 2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied.* The appellant bears the burden of demonstrating her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007). The advisory sentence for murder is fifty-five years, with a range of forty-five to sixty-five years years. Ind. Code § 35-50-2-3. One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense accounted for by the legislature when it set the advisory sentence. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*.

Here, the trial court noted in its Sentencing Order that Angle's sixty-five year sentence was based on "the overwhelming brutality of the murder in that the large number of stab wounds far exceeded that necessary for the crime of Murder." (App. at 10.) We agree. Kahn was stabbed thirty-two times, including wounds to her legs that seemed to be inflicted to keep Kahn from fleeing. Angle admitted he intended to take money from the Garden of Eden, but was interrupted by a neighbor who heard Kahn's screaming. Kahn was alive for a portion of time after Angle fled, as she was able to dial 911 and request help. Based on the nature of the offense, we conclude Angle's sixty-five year sentence for murder was not inappropriate. *See Suprenaut v. State*, 925 N.E.2d 1280, 1285 (Ind. Ct. App. 2010) (sentence in excess of the advisory sentenced appropriate based on over thirty stabs wounds on victim), *trans. denied*.[3]

Regarding his character, Angle asserts his case is "analogous," (Br. of Appellant at 6), to the facts in *Griffin v. State*, 963 N.E.2d 685 (Ind. Ct. App. 2012), in which a panel of our court reduced Griffin's sentence for murder from sixty-five years to forty-five years. We hold *Griffin* is distinguishable. In *Griffin*, the court focused on the fact that Griffin killed the victim seemingly "in response to a sexual assault" days earlier. *Id*. at 692. Like Griffin, Angle has no criminal history, confessed to his crime, and was honorably discharged from the military, all of which reflects favorably on his character. However, Griffin targeted Kahn

---

[3] In his brief, Angle seems to argue that the nature of his crime is not the "worst type of murder" because the jury found him guilty of voluntary manslaughter, which requires the commission of murder in "sudden heat." (Br. of Appellant at 8.) However, the jury also found him guilty of murder, the instruction for which required the jury to find the State disproved Angle's defense that he acted in sudden heat. As the court entered the conviction of murder, we find his allegation unsupported by the record.

for the purpose of taking money from the Garden of Eden, and while he was honorably discharged from the military, he was discharged after an injury in basic training and had not received a Purple Heart for bravery like Griffin.[4]  Additionally, Angle admitted to drug use in the years before the crime, and Griffin did not indicate such activity.

While we recognize that Angle's character is not particularly offensive, we cannot ignore the nature and brutality of the offense.  Accordingly, we affirm.

Affirmed.

VAIDIK, C.J., and FRIEDLANDER, J., concur.

---

[4] Angle also argues he should receive a reduction in his sentence due to his alleged psychological problems. However, as the trial court is not required to find mitigating factors or give them the same weight the defendant does, we hold the trial court did not abuse its discretion. *See Flickner v. State*, 908 N.E.2d 270, 273 (Ind. Ct. App. 2009).