## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

John C. Bohdan
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Zachary D. Reinders,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 31, 2015

Court of Appeals Case No.
02A04-1501-CR-12

Appeal from the Allen Superior Court;
The Honorable John F. Surbeck, Jr., Judge;
02D05-1408-MR-4

**May, Judge.**

Zachary D. Reinders appeals his seventy-year aggregate sentence for murder[1] and Level 2 felony robbery.[2] We affirm.

## Facts and Procedural History

On August 8, 2014, Reinders killed seventy-eight year old Diane Woods in her home by beating and stabbing her multiple times with a fire poker. Reinders stole Woods' television and wallet. He then convinced a friend to take a credit card from Woods' wallet and purchase video games and other personal items with it. Reinders threw Woods' wallet in the trash behind his mother's house. The police found a pair of Reinders' shoes with Woods' blood on them.

On August 22, 2014, the State charged Reinders with murder, felony murder,[3] and Level 2 felony robbery. On October 31, 2014, Reinders entered guilty pleas to all counts, in exchange for the State's agreement not to seek life imprisonment. On December 15, after a sentencing hearing, the trial court sentenced Reinders to sixty years for murder,[4] to be served consecutive to a ten year sentence for Level 2 felony robbery, for an aggregate sentence of seventy years.

---

[1] Ind. Code § 35-42-1-1(1) (2014).

[2] Ind. Code § 35-42-5-1 (2014).

[3] Ind. Code § 35-42-1-1(3) (2014).

[4] The trial court merged the counts of murder and felony murder.

# Discussion and Decision

## *Abuse of Discretion*

[4]     When the trial court imposes a sentence within the statutory range, we review for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). We may reverse a decision that is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (quoting *In re L.J.M.*, 473 N.E.2d 637, 640 (Ind. Ct. App. 1985)).

[5]     Our review of the trial court's exercise of discretion in sentencing includes an examination of its reasons for imposing the sentence. *Id.* "This necessarily requires a statement of facts, in some detail, which are peculiar to the particular defendant and the crime . . . [and] such facts must have support in the record." *Id.* The trial court is not required to find mitigating factors or give them the same weight that the defendant does. *Flickner v. State*, 908 N.E.2d 270, 273 (Ind. Ct. App. 2009). However, a court abuses its discretion if it does not consider significant mitigators advanced by the defendant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 490. Once aggravators and mitigators have been identified, the trial court has no obligation to weigh those factors against each other. *Id.* at 491.

[6]     Reinders argues the trial court did not give enough mitigating weight to his guilty plea. During sentencing, the trial court noted:

> He entered a plea of guilty and accepted responsibility. I think there's been some note perhaps about a hardship to the family. I'm not particularly focused upon and I can't find that the impact on the Defendant's family is anything beyond that suffered by the family of a person who commits a crime, especially an aggregious [sic] crime such as this.

(Tr. at 24-25.) The trial court was not required to give his plea substantial mitigating weight when Reinders' accepted responsibility after the State gathered strong evidence to link him to the crime. *See Flickner*, 908 N.E.2d at 273 (court is not required to accept defendant's arguments as to the weight of a mitigating factor). We find no abuse of discretion.

### *Inappropriate Sentence*

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E. 2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied.* The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[7] When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. The advisory sentence for murder is fifty-five years with a sentencing range of forty-five to sixty-five years. The advisory sentence for the Level 2 felony is seventeen and one-half years, with a sentencing range of ten to thirty years. Ind. Code § 35-50-2-4.5. The trial court pronounced an aggregate

sentence of seventy years; sixty years for murder and ten years for Level 2 felony robbery.

[8] One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense accounted for by the legislature when it set the advisory sentence. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*. Reinders attacked Woods, a seventy-eight year old woman whom he outweighed by about one hundred pounds. He beat Woods to death with a fire poker. Marks on Woods' hands indicated she attempted to defend herself. While Woods lay dying, Reinders took her credit card and bought video games and other personal items. Based on the nature of the offense, we cannot say Reinders' sentence is inappropriate.

[9] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*. Reinders had adjudications as a juvenile that would have been felonies if committed by an adult as well as three misdemeanor convictions as an adult. Based on Reinders' character, we cannot say his sentence is inappropriate.

# Conclusion

The trial court did not abuse its discretion when sentencing Reinders, nor was his sentence inappropriate in light of his character and the nature of his crime. Accordingly, we affirm.

Affirmed.

Robb, J., and Mathias, J., concur.